### DAGES v. MELROSE IRON CO.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. PRINCIPAL AND AGENT (§ 145*) — UNDISCLOSED PRINCIPAL — ACTIONS AGAINST.

One contracting with the agent of an undisclosed principal may sue the agent and also the principal until he obtains satisfaction from one of them.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. § 145.*]

2. PRINCIPAL AND AGENT (§ 190*)—KNOWLEDGE OF AGENCY—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for services, held not to show that plaintiff, before beginning a former action against another for services, knew that such other acted as agent for defendant herein with reference to the services now sued for.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 718–720; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Christian Dages against the Melrose Iron Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Abraham H. Sarasohn, of New York City, for appellant.
Emanuel B. Cohen, of New York City, for respondent.

GERARD, J. This action was brought to recover for work, labor, and services alleged to have been rendered by the plaintiff and by plaintiff's assignor. The defendant by its answer admitted the two

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

causes of action alleged, but, as a separate defense, alleged that there had been an adjudication of the plaintiff's rights herein, the plaintiff having recovered a judgment against one Alfred K. Barker for the same causes of action and for the same amounts as alleged in the complaint in this action, and that, by so obtaining said judgment against said Barker, plaintiff elected to hold said Barker liable on the causes of action alleged in the complaint and is estopped from any recovery against the defendant. The claim of plaintiff is that he sues the defendant herein, the Melrose Iron Company, as an undisclosed principal, and he admits that he sued Barker, the agent, for the same work.

[1] It is undoubtedly the rule that, where there is an undisclosed principal, the plaintiff may sue the agent and sue the principal until he gets satisfaction from one. Tew v. Wolfsohn, 77 App. Div. 454, 79 N. Y. Supp. 286, where it is said:

"The doctrine of an election in its general application is unsuitable and harsh, and it should not be applied to an action brought upon a contract made by an agent, without disclosing his principal, until the debt has been satisfied by one or the other."

[2] But it is claimed by respondent that it is also the law that, if the party suing has full knowledge and sues one, he is then held to his election. In the case at bar it was proved at the trial that plaintiff and plaintiff's assignor had rendered a bill to the Melrose Iron Company for some work and had also receipted to the Melrose Iron Company for a payment on account of some work; but there was no evidence whatever to show that this work, to which these papers had reference, was the work for which compensation is claimed in this action. All that these papers proved was that, before the commencement of the action against the agent Barker, the plaintiff and his assignor had knowledge of the existence of the Melrose Iron Company. This was not enough. Whether respondent is right or not as to his contention as to the law, even according to this contention, full knowledge of the whole transaction on the part of the plaintiff must be shown. No knowledge was brought home to the plaintiff in this action to show that he or his assignor knew, before suing the agent, that the agent was acting for the Melrose Iron Company, his undisclosed principal.

Plaintiff's assignor testified that these papers were dictated to him by the supposed partner of the agent Barker, one Selig, and that he sent the bill with plaintiff's consent; but, whether or not the plaintiff or his assignor knowingly signed these instruments, they prove nothing but that the plaintiff and his assignor knew of the existence of the Melrose Iron Company and did some work, not necessarily the work sued for here, for it, and therefore do not prove that the Melrose Iron Company was the undisclosed principal with reference to the work sued on in this action.

The judgment therefore must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.