(77 App. Div. 454.)

TEW v. WOLFSOHN et al.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. PARTIES—MISJOINDER—DEMURRER.

Under Code Civ. Proc. § 488, subds. 5, 6, making a complaint demurrable for a "misjoinder" of parties plaintiff, or a "defect" of parties plaintiff or defendant, a complaint is not demurrable for joining too many parties as defendants.

2. PRINCIPAL AND AGENT—UNDISCLOSED AGENT—ELECTION TO HOLD PRINCIPAL.

One who sues both an agent and his principal on a contract made by the agent without disclosing his agency does not thereby elect to hold the principal, and not the agent.

3. SAME—TIME FOR ELECTION.

In an action against an agent and his principal on a contract made by the agent without disclosing his agency, there need be no election by plaintiff as to which party he will hold, until the close of the case

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by H. Whitney Tew against Henry Wolfsohn and another. From an interlocutory judgment (76 N. Y. Supp. 919) overruling defendants' demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Benno Loewy, for appellants.
Gilbert Ray Hawes, for respondent.

LAUGHLIN, J.   The action is brought to recover damages for a breach of a contract alleged to have been made between the respondent and the appellant for an undisclosed principal, his wife, the other defendant, by which the respondent, a professional singer, constituted the appellant his sole manager for America and Canada for a term of three months, and the appellant agreed to arrange a concert tour, and to secure engagements for the respondent in advance, and to recover money advanced to the appellant by the respondent, and also money received by the appellant for the respondent.   The sole ground of the demurrer is that causes of action have been improperly united.   That is the only question necessarily presented by the appeal, but the trial court would not be aided by our decision if it were confined to that point, and for this reason we deem it proper to discuss the entire question relating to the appellant's liability, which has been quite fully argued and considered.

1. The appellant contends that two causes of action are stated in the complaint,—one against him for making the contract in form as principal, which does not affect his wife, and the other against her as the undisclosed principal, which does not affect him.   We think that the complaint states but a single cause of action.   Only one contract was made, but the plaintiff seeks to hold both defendants,—the wife, because the contract was made for her; and the husband, because he led the plaintiff to believe he was making it for himself.   McLean v. Sexton, 44 App. Div. 520, 60 N. Y. Supp. 871.   Clearly, on the facts alleged, either party is liable to the plaintiff on the contract set forth. The demurrer is not upon the ground that the complaint fails to state facts sufficient to constitute a cause of action against the appellant. Moreover, the complaint clearly states a cause of action against the appellant; he not having disclosed both the fact that he was acting as agent, and the name of his principal.   McClure v. Trust Co., 165 N. Y. 128, 58 N. E. 777, 53 L. R. A. 153;   De Remer v. Brown, 165 N. Y. 410, 59 N. E. 129.   A demurrer for misjoinder of parties plaintiff is authorized (Code Civ. Proc. § 488, subd. 5), but not of parties defendant.   Demurrer will also lie for a defect of parties plaintiff or defendant.   Code Civ. Proc. § 488, subd. 6.   But a "defect" of parties, as used in this provision of the Code, means an omission, and not a misjoinder.   In other words, it means that some one should have been sued who has not been joined, and not that too many have been joined as defendants.   Martin v. Buck, 11 Johns. 271;   Railroad Co. v. Schuyler, 17 N. Y. 592;   Palmer v. Davis, 28 N. Y. 242;   McIntosh v. Ensign, Id. 169;   Potter v. Ellice, 48 N. Y. 321;   Richtmyer v. Richtmyer, 50 Barb. 55;   Brownson v. Gifford, 8 How. Prac. 389;   Nichols v. Drew, 94 N. Y. 22.   Even if the plaintiff must elect before judgment to determine which party he intends to hold, it cannot be said that by bringing this action against both there has been an election to hold the principal, and not the agent.   Mattlage v. Poole, 15 Hun, 556.   Of course, the complaint does not show which party was served first, or whether the other defendant was served at all.

2. Assuming that the plaintiff is only entitled to judgment against one of the defendants, and that he must elect which party he intends to hold, he cannot be required to make that election until the close

of the case. With the exception of the case of Booth v. Barron, 29 App. Div. 66, 51 N. Y. Supp. 391, the facts in which are not fully stated, and which has been expressly disapproved by McLean v. Sexton, supra, all of the decisions in this jurisdiction, so far as they have been brought to our attention, are to the effect that there is no conclusive election until judgment is entered against one or the other of the parties liable. Mattlage v. Poole, 15 Hun, 556, approved in Coe v. Raymond, 22 Hun, 461; Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 51; Mason v. Cockroft, 3 Duer, 366; Foundry Co. v. Hersee, 33 Hun, 173; Tuthill v. Wilson, 90 N. Y. 423; Meeker v. Claghorn, 44 N. Y. 349; Lindsay v. Gager, 11 App. Div. 93, 42 N. Y. Supp. 851. Such seems to be the rule in England. Curtis v. Williamson, L. R. 10 Q. B. 57. It would be manifestly unjust to require the plaintiff to elect in such case, at least before all of the evidence is in. Neither defendant can be prejudiced by his not electing, and the plaintiff, if he elected to hold the agent, might be defeated upon the ground that both the agency and the name of the principal were disclosed; and, if he elected to hold the principal, the jury might find that the contract was not made for the latter.

3. I see no sound basis for the application of the doctrine of election in cases of this character until there has been not only a recovery against either the principal or agent, but a satisfaction of the judgment as well. I recognize that this doctrine is inconsistent with the dictum contained in many decisions, and it is perhaps inconsistent with the general doctrine stated by the courts,—particularly in Tuthill v. Wilson, supra; but it is not without precedents. The rule is thus stated broadly in McLean v. Sexton, which was an action to foreclose a mechanic's lien, where it was sought to hold both an agent and an undisclosed principal for the deficiency. I see nothing in the nature of that action to distinguish it from this, and find nothing in the opinion indicating any intention on the part of the court to limit the doctrine to the case of the foreclosure of such liens. Such is also the doctrine of the courts of Pennsylvania. Beymer v. Bonsall, 79 Pa. 298. The Pennsylvania case was cited with approval by our court of appeals in Cobb v. Knapp, supra. This doctrine is also sustained, I think, by the case of Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382, affirmed in 156 N. Y. 665, 50 N. E. 1117. In that case judgment was recovered against a corporation upon a note, apparently upon the ground that it was the maker, the note having been signed by its president and treasurer, with the abbreviations of the titles of their respective offices following their signatures; but the judgment was not paid. Subsequently an action on the note was brought against the president and the treasurer individually, it having been decided that on the face of the note they were the makers. Bank v. Stuezer, 80 Hun, 435, 30 N. Y. Supp. 83. The individuals, when sued, sought to escape liability on the ground that the bank, by proceeding against the corporation to final judgment, exercised a right of election between inconsistent remedies, but the court held that their liability could only be determined by payment of the debt; and, as has been stated, this decision was affirmed by the court of appeals. The doctrine of election, in its general application, is unsuitable and harsh,

and it should not be applied to an action brought upon a contract made by an agent without disclosing his principal, until the debt has been satisfied by one or the other.

It follows that the interlocutory judgment should be affirmed, with costs, but with leave to the appellant to answer upon payment of the costs of the demurrer and of the appeal.

O'BRIEN, J., concurs. PATTERSON, J., concurs in all but third branch of this opinion. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.