Phillips et al. v. Rooker et al.

PHILLIPS *et al. v.* W. A. ROOKER *et al.*

(*Nashville.* December Term, 1915.)

1. **ELECTION OF REMEDIES.** Acts constituting election.

An election of remedies is the adoption by an unequivocal act of one of two existing alternative remedial rights, inconsistent and not reconcilable with each other, the effect of which is to preclude a resort by the plaintiff or creditor to the other. (*Post. p.* 462.)

2. **ELECTION OF REMEDIES.** Acts constituting.

Where the plaintiffs took a decree against the defendants B. and C., who, as agents of the defendant company, had orally assumed a contract for timber rights on behalf of the defendant R., there being but one credit extended and one liability, the plaitiffs could not proceed later against the company as principal, since, where both the agent and the principal are sued together and, with full knowledge, the creditor takes judgment against the agent, there is a decisive act of election, although it does not result in satisfaction of the debt, and his case against the principal for later judgment must fail, although the principal, and not the agent, received the benefit of the transaction. (*Post, pp.* 462-466.)

Cases cited and approved: Tuthill v. Wilson, 90 N. Y. 423; Murphy v. Hutchinson, 93 Miss.; 643; Gay v. Kelley, 109 Minn., 101; Kingsley v. Davis, 104 Mass., 178; Sessions v. Block, 40 Mo. App., 569; Tew v. Wolfshon, 77 App. Div., 454; Coles v. McKenna, 80 N. J. Law, 48; Lindquist v. Dickson, 98 Minn., 369; Priesly v. Fernie, 3 H. & C. (Exch.), 977; Kendall v. Hamilton, L. R., 4 App. Cas., 504; Calder v. Matthews (K. B.), 6 C. P. 486; Cross v. Matthews (K. B.), 91 Law T. Rep., 500; Thompson v Howard, 31 Mich., 309; Fowler v. Bowery Savings Bank, 113 N. Y., 450; Clark v. Rivers, L. R., 5 Eq., 91.

Phillips et al. v. Rooker et al.

Cases cited and distinguished: Ahrens v. Cobb, 28 Tenn., 643; Robb v. Vos, 155 U. S., 13.

3. **ELECTION OF REMEDIES.** Effect. Change of position by the other party. "Estoppel in pais."

An "election" differs from an "estoppel *in pais*" in that in order to be effective it need not be acted upon by the other party by way of a detrimental change of his position, provided the election is a decisive one. (*Post, pp.* 466, 467.)

Case cited and approved: Flynn-Harris-Bullard Co. v. Hampton (Fla.), 70 So., 385.

FROM OVERTON.

Appeal from the Chancery Court of Overton County.—A. H. Roberts, Chancellor.

W. R. Officer, C. J. Cullom and Conatser & Roberts, for plaintiffs.

Lucky & Andrews and O. K. Holladay, for defendant.

Mr. Justice Williams delivered the opinion of the Court.

The bill of complaint was filed against W. A. Rooker and others to recover a personal judgment on a series of notes executed by Rooker to the intestate of complainants for certain timber rights, and to enforce a lien retained in the contract of conveyance to secure their payment.

Among the defendants were the Blue Ridge Tie Company, a body corporate, J. U. Brown and J. K. Carpenter, as well as W. A. Rooker, who was the grantee in the instrument conveying the timber rights.

It was alleged that the Blue Ridge Tie Company was liable on the notes because of an assumption of the payment thereof by that corporation, and that defendants Brown and Carpenter undertook to represent, as agents, the company in the transaction; and it was sought to hold the corporation and these two agents of the corporation liable. A further allegation was the following:

"The respondents Brown and Carpenter took charge of said timber and contract, and assumed to be representing the Blue Ridge Tie Company as agents, but, if it should turn out that they were not so representing said company in taking possession of the original contract from Rooker, and in manufacturing and cutting the timber into lumber and ties, and in making the payment on said notes, then complainants allege that they assumed the payment of the said notes, and took charge of the whole matter in the room and stead of the said Rooker, and are responsible for the amount of the said notes with interest and attorney's fees."

The prayer of complainants for relief incorporated the following clause:

"That a decree be entered against the said Blue Ridge Tie Company, J. U. Brown and J. K. Carpenter, and W. A. Rooker, holding them liable for said con-

tract and notes sued on, they having assumed the payment of the same.''

The tie company answered, denying that it had assumed the timber contracts or the payment of the notes. Rooker, Brown, and Carpenter failed to make defense, and an order *pro confesso* was duly taken against them.

Later the cause came on to be heard before the chancellor upon the above *pro confesso,* when it was decreed by the court, among other things:

''That the complainants have and recover of W. A. Rooker, J. U. Brown, and J. K. Carpenter the said sum of $2,815.59, together with all the costs of this case, and that the same be declared a lien on the timber set out herein standing and growing on the lands herein described.''

The question whether the Blue Ridge Tie Company assumed the payment of the notes executed by Rooker and the liability of that company thereon was in the above decree expressly reserved for later determination, and the cause was continued by consent until the next term of the court. This decree was entered January 20, 1914.

On August 28, 1914, a further and final decree was entered which recited that the corporation acquired the timber contract from Rooker and agreed to carry the same out as Rooker had contracted to do, and that the corporation was liable on the notes in question.

To that decree exception was saved by the tie company on the ground that the record showed that complainant administrators had at a former term of the

court taken judgment against Brown and Carpenter
for the full amount sued for, which act was inconsistent
with any right to recover against the corporation, and
that complainants thereby waived any right they might
have had to recover against the exceptant. The same
ground was made the subject-matter of a motion to
dismiss the bill of complaint, or for a decree notwith-
standing a verdict of the jury which had been returned
upon certain issues of fact presented.

The exception and motion were disallowed. The tie
company prayed an appeal, and has here assigned,
among other errors, the position above advanced; that
is, that the complainants by taking judgment against
the acting agents of the corporation elected to hold
them liable, and could not later take a decree against
the corporation as their principal on the same alleged
contract of assumption of the payment of the notes.

Doubtless the agents, Brown and Carpenter, were
made defendants because of a fear on the part of the
complainants that the action of the agents might not
be sufficient in fact or law to bind their principal, and
on a theory that agents may be liable on contracts to
which they fail to bind their corporate principals, or
else that the agents, while intending to bind the corpo-
ration, in the oral negotiations used apt words to bind
themselves.

We have for determination, not whether either the-
ory is sustainable, but whether, since complainants had
recovered on the alleged contract against the agents,
they may later recover judgment thereon against the

principal also, or whether they are bound by their election claimed to be evidenced by the successful suit against the agents.

The record discloses that the alleged contract of assumption, on whomsoever binding, was a parol one, and, further, that it purported to have been made for and on the credit of the tie company as one of the contracting parties. It is no part of the theory of complainants that the contract was a joint or joint and several one, or that the agents added to the obligation of the corporation their own as one collateral to the corporate obligation. The contract is, under the pleadings, to be deemed one contract, with one credit extended and one liability. If the agents are to be held, it is to be done not in addition to, but instead of, the company. Such a liability is deemed an alternative one. It is that of the corporation, or it is that of the two agents who may have failed to bind it. Complainants have no right to pursue both sets of parties as upon two distinct obligations; that would allow them more than they allege, as well as more than their intestate had in contemplation in any event.

Why, then, does not the doctrine of election apply?

"Election of remedies" may be defined to be the adoption, by an unequivocal act, of one of two existing alternative remedial rights, inconsistent and not reconcilable with each other, the effect of which is to preclude a resort by the plaintiff or creditor to the other.

If the obligation be a thing single, it seems inconsistent to allow complainants to hold two such distinct

persons or set of persons liable as their contractees. A remedy against the agents must be assumed to exist only on the basis of the nonliability of the corporation.

"Which one shall be held? The answer ordinarily given is that the other party may 'elect' between them. As a corollary to this, it is said that the other party has but one choice; that when he has made his election his determination is final, and he cannot afterwards make a new choice." 2 Mechem on Agency, section 1750.

We have not been cited, and we have not on search found, a case where the doctrine of election has been applied to facts similar to those here presented.

We are of opinion that a close analogy is presented by those cases which involve the liability of the principal, disclosed to the creditor or third person complaining at the outset or prior to suit, and of his agent, on obligations where each is liable in the alternative, though the contract is not made in the name of the principal, as it is claimed to have been the case in the instant suit. 1 Mechem on Agency, sections 1424, 1712, 1716, 1750, et seq.

In the one case the agent, as negotiator, appears to be the person bound on the face of the contract. Here the person appearing to be bound on the obligation is the principal. If the doctrine of election is applicable in the one case, it seems that it should be in the other. In one instance the agent can be held because he made the contract in his own name, or the principal can be held because it is in law deemed to be his contract;

while here we may assume that the corporate principal could have been held, but that the complainants have rendered the agents liable, and, as seen, on the necessary assumption of the corporation's nonliability.

As has been noted, either the principal or the agent is to be held liable, but not both. It is the duty of the creditor to elect which of the two he will compel to carry out the contract negotiated by the agent, and if, with full knowledge, he elects to hold the agent, he thereby discharges the liability of the principal, and conversely. *Tuthill* v. *Wilson,* 90 N. Y., 423; *Murphy* v. *Hutchinson,* 93 Miss.; 643, 48 South., 178, 21 L. R. A. (N. S.), 785, and note, 11 Ann. Cas., 611; 31 Cyc., 1578.

That a plaintiff or complainant may properly join in an action such agent and his principal, as defendants liable in the alternative, has been held. *Gay* v. *Kelley,* 109 Minn., 101, 123 N. W., 295, 26 L. R. A. (N. S.), 742, and note.

The duty to elect implies, as a prerequisite, knowledge, or its equivalent, on the part of the creditor of the facts material to his rights; and the rule therefore is that the act of bringing suit against the principal or the agent, as the case may be, or both together, does not constitute an election, especially where there is no attachment of property. But clearly, when both the agent and the principal are sued together, as in this case, and a full view of the premises afforded, and the creditor then takes a judgment against the agent, that is a decisive act of election and his case against the

principal for later judgment in the same or in a subsequent suit must fail. *Kingsley* v. *Davis,* 104 Mass., 178; *Sessions* v. *Block,* 40 Mo. App., 569; *Tew* v. *Wolfshon,* 77 App. Div., 454, 79 N. Y. Supp., 286; *Coles* v. *McKenna,* 80 N. J. Law, 48, 76 Atl., 344; *Lindquist* v. *Dickson,* 98 Minn., 369, 107 N. W., 958, 6 L. R. A. (N. S.), 729, 8 Ann. Cas., 1024, and notes.

There is a slight conflict of authority on the question as to whether a judgment, without satisfaction, is sufficient to constitute a conclusive election as to either principal or agent in such case; but the early cases of *Priesly* v. *Fernie,* 3 H. &.C. (Exch.), 977, and *Kendall* v. *Hamilton,* L. R. 4 App. Cas., 504, 1 Eng. Rul. C., 175, announced the rule now generally adopted that the plaintiff is concluded, ''although the judgment does not result in satisfaction of the debt.'' This court, in *Ahrens* v. *Cobb,* 9 Humph. (28 Tenn.), 643, is in accord in its holding that, when a judgment is taken against an agent, the creditor cannot later hold the principal, disclosed to be such at the outset, although he and not the agent received the benefit of the transaction. It was said:

''The fact that nothing was realized upon said judgment does not affect the question; neither does the fact that the plaintiff in error derived benefit from the lumber. The case rests upon the fixed principle of law that the party is concluded by his own voluntary election to treat the agent as principal and sole debtor.'' Id.; *Calder* v. *Matthews* (K. B.), 6 C. P., 486, 2 Eng.

Rul. C., 456; *Cross* v. *Matthews* (K. B.), 91 Law T. Rep., 500; 31 Cyc., 1580.

When, therefore, the complainants saw fit to take a decree for the amount of the notes against agents Brown and Carpenter, they could not proceed in the latter decree to add a further remedy against their principal, the tie company, likewise disclosed in the negotiations. The two remedies are wholly inconsistent—logically irreconcilable. The grant of one demonstrates the falsity of the claim to the other.

"A party may not take contradictory positions; and where he has the right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge or means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." *Robb* v. *Vos,* 155 U. S., 13, 15 Sup Ct., 4, 39 L. Ed., 52, 62, quoting *Thompson* v. *Howard,* 31 Mich., 309.

And see *Fowler* v. *Bowery Savings Bank,* 113 N. Y., 450, 21 N. E., 172, 4 L. R. A., 145, 10 Am. St. Rep., 479, and notes; *Clark* v. *Rivers,* L. R., 5 Eq., 91, 37 L. J. Ch. (N. S.), 70.

The doctrine of election differs from that of estoppel *in pais,* in that an election in order to effectiveness need not be acted on by the other party by way of a detrimental change of his position, provided the election is a decisive one. *Flynn-Harris-Bullard Co.,* v.

*Hampton* (Fla.), 70 South., 385; 9 R. C. L., 961, and cases cited.

What is said and ruled above is, of course, meant to be applicable to contractual obligatious; actions against tort-feasors are not referred to.

The chancellor in holding to the contrary erred.

Reversed, with decree here for appellant.