101 So.2d 169 (1958)
Henry HOHAUSER, Petitioner,
v.
Mrs. George SCHOR, a/k/a Marie Marks and Donshire Corp., a Florida corporation, Respondents.
No. 57-342.
District Court of Appeal of Florida. Third District.
March 11, 1958.
Rehearing Denied April 7, 1958.
Richard B. Stone and Loewenstein & Dunn, Miami, for petitioner.
Rosenhouse & Rosenhouse, Miami, for respondents.
PEARSON, Judge.
Petitioner is here seeking a writ of certiorari to review a judgment of the circuit court affirming, on appeal, an order granting a new trial in a cause tried in the Civil Court of Record in and for Dade County. It should be noted that the appeal to the circuit court was taken prior to July 1, 1957.
The sole point for determination raised by the petitioner for writ of certiorari is whether a plaintiff, who brings an action against both an agent and his undisclosed principal, must elect which party he chooses to hold liable prior to submitting the cause to the jury when the issue of the agency relationship is before the court.
It is settled law in this state that when an agent deals with a second party for a principal who is not disclosed the second party may hold liable either the agent or the principal. Collins v. Aetna *170 Ins. Co., 103 Fla. 848, 138 So. 369 and cases cited therein.
Thus the Supreme Court has followed a majority of the American courts that the third party is put to an election to hold either the agent or principal, for the liability is an alternative liability, rather than a joint liability or a joint and several liability. An excellent and lucid exposition of this rule and the reasons upon which it is grounded is found in Ewing v. Hayward, 50 Cal. App. 708, 195 P. 970, 974, and is as follows:
"When one party to a contract deals with another as principal and afterwards discovers that such party was in fact agent for an undisclosed principal, he may elect to hold either the agent, or, upon discovery, the principal; but he cannot hold both. The agent is liable because credit was originally extended to him in the belief that he was acting for himself. The undisclosed principal is liable on the theory that, having received the benefit of the contract made by his agent, he should assume its burdens. There is but one contract upon which the plaintiff in such an action can bring suit. The person with whom such plaintiff has directly contracted, the agent of the undisclosed principal, may be held liable on the contract as the real obligor, for he contracted in that capacity. Or, if the plaintiff in such an action so chooses, he may treat the contract as the obligation of the undisclosed principal for whose benefit it was made, notwithstanding that, on the face of the contract, his agent appears to be the true obligor. There is, as we have said, but one contract in such cases. And though the plaintiff may elect to hold either one of two persons liable on that contract, either the agent or his undisclosed principal, he cannot make two contracts out of the one contract by seeking to hold each of those two persons liable severally as an independent obligor. Nor can he hold them both liable as joint obligors on one contract. He contracted with but one obligor, not two; and though he may elect to hold either one of the two liable as the obligor under the contract, he may not hold them both jointly liable, for to do so would be to give him two obligors where he contracted with, and for the liability of, but one. The result is that the liability of the agent and his undisclosed principal is an alternative rather than a joint or joint and several liability, and either may be so held, but not both. So we find that, according to the weight of authority, it becomes the duty of the creditor, after disclosure of the agency and the identity of the principal, to elect which of the two he will look to to carry out the agreement of the agent. Note to Murphy v. Hutchinson, [93 Miss. 643, 48 So. 178] 21 L.R.A.,N.S., 786."
See also the following and cases cited therein: 2 Am.Jur. 314, Agency, § 402; Ferson, Agency, § 173 (1954); Mechem, Agency, § 1750 (2d Ed. 1914); 1 Williston, Contracts § 289 (Rev. Ed. 1936).
It is apparent from the above authorities that it is after the discovery of the principal that an election must be made. But our question is whether under alternative pleading, as permitted under our rules, the election can be postponed until after a verdict. We have not been directed to a Florida case which would determine this point; therefore we have examined the reasoning set forth in the opinions of the courts in other states.
In Klinger v. Modesto Fruit Co., 107 Cal. App. 97, 290 P. 127, 128, the allegations of the complaint were in substance that certain defendants (agents) acted in a transaction for another defendant (undisclosed principal) without disclosing their agency relationship. The alleged undisclosed principal denied in his answer the agency relationship. Although no motion on the part of any defendant was ever made *171 to require the plaintiff to elect as to whether she would seek to hold the agents or their undisclosed principal liable for the indebtedness, the language used by the court is applicable to our case and we quote liberally from the opinion:
"When there is an issue as to the existence of the agency, both the agent and the alleged principal may be properly joined in the action for the purpose of determining their relationship and liability. When that relationship is established by admission of the pleadings or otherwise, on motion, the claimant may be required to elect which party he chooses to hold. This election should ordinarily be made before the judgment is rendered and entered. Mussenden v. Raiffe, 131 Ill. App. 456; Sessions v. Block, 40 Mo. App. 569; Pittsburg Plate Glass Co. v. Roquemore (Tex.Civ.App.) 88 S.W. 449; Tew v. Wolfshon, 77 App.Div. 454, 79 N.Y.S. 286; 2 Mechem on Agency (2d Ed.) 1331, § 1750; 21 R.C.L. 895, § 68.
* * * * * *
"It is illogical and unjust to require a creditor on his own initiative and without a demand or motion to make an election as to whether he will seek to hold an agent or his principal liable upon an obligation. This would require him to speculate upon the decision of the court regarding the relationship of the principal and agent. An election before the rendition of judgment might not accord with the court's view of the relationship as disclosed by the evidence. A premature choice might result in an erroneous selection and a total loss of a valid claim. Conflicting evidence regarding the liability of the agent or his principal would require the affirmance of a judgment at variance with the election. The uncertainty and injustice of an erroneous election is apparent. The law will not require a litigant to gamble on his remedy. It would seem to be a wiser and better rule of procedure, where there is an issue or a doubt as to the relationship of a principal and agent, to require a motion for election to be made, and even then to hold the motion under advisement until the liability and relationship of the respective parties has been determined, and then render judgment accordingly. If both are found to be liable because of the relationship of agent and undisclosed principal, then the court should direct an election to be made and enter judgment accordingly."
See also Craig v. Buckley, 218 Cal. 78, 21 P.2d 430; McEwen v. Taylor, 106 Cal. App.2d 25, 234 P.2d 754; 118 A.L.R. 704, and cases cited therein.
It appears from the preceding language that a determination of the relationship of the respective parties is necessary before the court should direct an election to be made. We further interpret this language to mean, and we think there is sound legal reasoning in holding, that when the issue of the agency relationship should be submitted to the jury for determination, then the plaintiff should be required to elect after verdict against which defendant he wishes to take judgment. See Klinger v. Modesto Fruit Co., supra; 2 Am.Jur. 320, Agency, § 409; Mechem, Outlines of Agency § 163 (1952). As stated in the Klinger case, "the uncertainty and injustice of an erroneous election is apparent." No prejudice can come to either of the defendants by the plaintiff's nonelection prior to verdict when the agency is in doubt. If the plaintiff were compelled to elect before a determination, he, in electing to hold the agent, might be defeated upon the ground that both the agency and the name of the principal were disclosed, and, if he elected to hold the principal, the jury might find that the contract was not made for the latter. Gay v. Kelley, 109 Minn. 101, 123 N.W. 295, 26 L.R.A.,N.S., 742; Tew v. Wolfshon, 77 App.Div. 454, 79 N.Y.S. 286; Schwartzreich *172 & Goodman Co. v. Quitman, Sup., 181 N.Y.S. 784.
It is our opinion that the amended order granting new trial in this case was not according to the essential requirements of the law. The trial judge was correct in his first ruling when he refused to require the plaintiff to elect whether to submit the matter to the jury solely against the principal or solely against the agent. The writ of certiorari should be, and it is hereby granted, and the judgment of the circuit court affirming the amended order granting new trial in the Civil Court of Record be and the same is hereby quashed and set aside, with directions to the circuit court to reverse the amended order granting new trial in accordance with the views herein expressed.
Certiorari granted.
CARROLL, CHAS., C.J., and HORTON, J., concur.