209 So.2d 677 (1968)
BERTRAM YACHT SALES, INC., a Florida Corporation, and University of Miami, a Florida Corporation, Appellants,
v.
William R.B. WEST, Appellee.
Nos. 67-294, 67-452.
District Court of Appeal of Florida. Third District.
March 26, 1968.
Rehearing Denied May 21, 1968.
*678 Heiman & Crary, Miami, for appellant Bertram.
Mershon, Sawyer, Johnston, Dunwody & Cole and Thomas S. Trantham, Miami, for appellant University of Miami.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
By an amended complaint the appellee William R.B. West sought damages against the appellants for breach of contract for the sale of a boat to him.
In one count it was alleged that the University of Miami, herein referred to as the University, owned a certain boat; that it delivered the boat to Bertram Yacht Sales, Inc., herein referred to as Bertram, as its agent with authority to sell the boat; that in pursuance thereof Bertram contracted to sell the boat to the plaintiff. The contract, a copy of which was attached to the complaint, named Bertram as the owner and did not disclose its alleged agency for the University. It was then alleged that the University breached the sale contract (by nondelivery, the boat meanwhile having been sold to another).
A second count alleged Bertram held itself out as owner, and fraudulently concealed the fact that the boat was owned by the University thereby misleading plaintiff into contracting with Bertram as the owner; that the University had vested Bertram with apparent ownership and permitted Bertram to represent itself as owner; and that throughout Bertram was acting as agent of the University, and within the scope of its agency.
Bertram answered, denying the allegations relating to a breach of contract, but admitting it was acting as the agent of the owner, the University. By its answer the University admitted ownership of the boat, and that it was "located at the premises under the control of Bertram Yacht Sales, Inc.," but denied having authorized sale thereof by Bertram as its agent. Other allegations of the amended complaint were denied. By a cross claim incorporated in its answer the University alleged the action *679 of Bertram was without its knowledge or authority, and prayed for judgment over against Bertram for any damages suffered.
Trial of the cause before a jury resulted in a verdict in favor of the plaintiff West against Bertram and the University for $5,000 damages. Both defendants appealed. Separate briefs were filed by the appellants, and the appeals were consolidated here for argument and decision.
The appellants contend the contract was in contravention of the statute of frauds, § 725.02 Fla. Stat., F.S.A. (repealed by Ch. 65-254 and now appearing as § 672.2-201). The basis for the contention was the fact that the written contract, although signed by the purchaser, was not signed by the seller. However, there appeared thereon, at the foot of the contract at a place provided for the purpose, a receipt for a down payment. That was signed by one who was shown to be an agent or employee of Bertram. The making of a down payment by the purchaser took the contract for sale of the boat out of the statute of frauds, by express provision in the statute. See 28 Fla.Jur., Sales, § 12.
We reject as unsound, in light of the record, the contention of the appellants that the court committed error in admitting the opinion testimony of certain experts as to the value of the boat. We also reject as without merit the appellant's contentions of reversible error in respect to the rulings of the trial court as to charges to the jury.
The appellant University of Miami argues that the court committed error by granting judgment against both defendants and by failing to require the plaintiff, after verdict, to elect to take judgment against only one or the other. With that contention we agree. See Hohauser v. Schor, Fla.App. 1958, 101 So.2d 169. The effect of the verdict was to find the University was the owner of the boat and that Bertram was acting as agent for the University as its undisclosed principal. In those circumstances, as this court stated in Hohauser v. Schor, supra: "* * * when the issue of the agency relationship should be submitted to the jury for determination, then the plaintiff should be required to elect after verdict against which defendant he wishes to take judgment. See Klinger v. Modesto Fruit Co., supra [107 Cal. App. 97, 290 P. 127, 128]; 2 Am.Jur. 320, Agency, § 409; Mechem, Outlines of Agency § 163 (1952)."
The appellee, while conceding the correctness of the contention, as held in Hohauser v. Schor, supra, argues it should be rejected here because the contention was not also asserted by Bertram. We can not agree. The fact that Bertram has not raised the point does not destroy its validity when duly preserved and asserted on appeal by the University.
Accordingly, the judgment is affirmed in part, but the cause is remanded to the circuit court with direction to require the plaintiff to elect (after verdict) to take judgment against either the agent Bertram Yacht Sales, Inc. or against the undisclosed principal, the University of Miami, and thereupon the trial court shall vacate the judgment as to the one against which the plaintiff elects not to take judgment.
Affirmed in part and reversed in part and remanded.