**LAW OFFICES OF DAVID J. STERN, P.A. and David J. Stern, individually, Plaintiff,**

v.

**SCOR REINSURANCE CORPORATION and John Does 1–6, Defendants.**

**No. 04–60170–CIV–MOORE.**

United States District Court, S.D. Florida.

Feb. 2, 2005.

Lee M. Epstein, Esq., Fried & Epstein, LLP, Philadelphia, PA, Ricardo A. Reyes, Esq., Tobin & Reyes, P.A., Boca Raton, FL, for Plaintiff.

Richard E. Landman, Stroock & Lavan, LLP, Miami, FL, for Defendant.

## *ORDER*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant SCOR Reinsurance Corporation's ("SCOR Re") Motion to Dismiss (DE # 11).

UPON CONSIDERATION of the motion and responses, and being otherwise fully advised in the premises, the Court enters the following Order, denying Defendant SCOR Re's Motion to Dismiss.

## BACKGROUND

### A. The Instant Action

In this action, Plaintiffs, the Law Offices of David J. Stern, P.A. (the "Stern Firm") and David J. Stern ("Mr.Stern"), are seeking damages against Defendant SCOR Re for its alleged breach of its obligations as undisclosed principals to certain lawyers professional liability insurance policies (the "Legion Policies"), which Plaintiffs purchased from Legion Insurance Company ("Legion"). Alternatively, Plaintiffs are seeking damages for Defendant's alleged tortious interference with Plaintiffs' right to receive the benefits of the Legion Policies from Legion. *See* Compl. ¶ 1.

### B. The Parties

According to Plaintiffs' Complaint, the Stern Firm is a Florida professional association that engages in the practice of law throughout the State of Florida. *Id.* ¶ 2. Mr. Stern is a Florida resident and the sole shareholder, officer, and director of the Stern Firm. *Id.* ¶ 3. SCOR Re is a New York corporation, and is in the business of selling reinsurance, in whole or in part, for risks undertaken by insurance companies. *Id.* ¶ 4.

Legion is among the insurers to whom SCOR Re sold reinsurance. *Id.* ¶ 6. Legion is a property and casualty insurance company organized under the laws of Pennsylvania. *Id.* ¶ 9. The Stern Firm and Mr. Stern were insured under the Legion Policies, issued through Legion.

*Id.* ¶ 19. Under the Legion Policies, Legion agreed to indemnify the Stern Firm and its members for amounts they became "legally obligated to pay as a result of a wrongful act rendering or failing to render professional services." *Id.* ¶ 22.

### C. The *Bryant* Lawsuit

On or about October 20, 1998, an action was commenced against the Stern Firm in Florida state court. *See Bryant v. Law Officers of David J. Stern, P.A.,* Case No. 98–5938 (Fla.Cir.Ct.1998) (the *"Bryant* Lawsuit"); Compl. ¶ 23. In accordance with the terms of the Legion Policies, the Stern Firm and Mr. Stern provided notice of the claims asserted by the *Bryant* plaintiffs to Rigdon & Gioia, the insurance underwriters for lawyers and law firms on policies issued by Legion. Compl. ¶¶ 16, 29. Rigdon & Gioia forwarded those claims for handling to third party administrators, Gessler, Hughes, Scol, Piers, Reswick & Dym and Target Professional Associates (collectively the "Third Party Administrators"). *Id.* ¶ 30. The Complaint alleges that SCOR Re, through the Third Party Administrators and counsel retained by the Third Party Administrators, controlled the handling and resolution of any claims made under the Legion Policies, and that SCOR Re's approval was required for the settlement of any claim in excess of $150,000. *Id.* ¶¶ 31–32.

An agreement in principal was reached at a February 9, 2000 mediation to settle the *Bryant* Lawsuit. *Id.* ¶¶ 33–35. The court approved the final settlement of the *Bryant* Lawsuit for $2,150,000. *Id.* ¶ 36. Although the Third Party Administrators agreed that the amount paid to settle the *Bryant* Lawsuit was reasonable, and both SCOR Re and Legion consented to the settlement, Legion refused to indemnify

the Stern Firm and Mr. Stern for the amounts paid to settle the lawsuit. *Id.* ¶ 37. On March 10, 2000, the attorneys retained by the Third Party Administrators served a reservation of rights letter upon the Stern Firm and Mr. Stern, reserving the right to deny coverage under the Legion Policies. *Id.* ¶ 38. Plaintiffs allege that by virtue of Legion's refusal to indemnify the Stern Firm and Mr. Stern for the amounts paid to settle the *Bryant* Lawsuit, Legion breached the Legion Policies. *Id.* ¶ 39. Further, Plaintiffs allege that SCOR Re induced Legion into breaching the Legion Policies in order to protect their own pecuniary interests. *Id.* ¶ 40.

### D. The Coverage Action

On May 5, 2000, the Stern Firm and Mr. Stern commenced an insurance coverage action against Legion in the Southern District of Florida, seeking damages to remedy Legion's alleged breach of the Legion Policies. *Id.* ¶ 41; *see Law Offices of David J. Stern and David J. Stern v. Legion Insurance Co.,* No. 00–6937–MOORE (the "Coverage Action"). SCOR Re was not a defendant in the Coverage Action, and although Plaintiffs learned of SCOR Re's alleged status as an undisclosed principal during discovery, Plaintiffs did not seek to join SCOR Re in the action. *See* Compl. ¶ 50. On or about March 28, 2002, before pending cross-motions for summary judgment were resolved, Legion was placed in rehabilitation by the Commonwealth Court of Pennsylvania. *Id.* ¶¶ 43–44. In connection with the rehabilitation, the Commonwealth Court stayed all actions pending against Legion. *Id.* ¶ 45. Accordingly, this Court stayed and administratively closed the Coverage Action. *Id.* ¶ 46.

### E. The Complaint

Count I of Plaintiffs' Complaint asserts a claim for breach of contract against SCOR Re. *See* Compl. ¶¶ 47–52. Plaintiffs allege that Defendant intentionally conferred upon Legion the authority to enter into the Legion Policies. *Id.* ¶ 48. Plaintiffs claim that at all relevant times Legion believed that it was authorized to, and did, enter into the Legion Policies on behalf of the Defendant. *Id.* According to Plaintiffs, at the time the Legion Policies were executed, Plaintiffs were not aware that Legion was allegedly acting on its own behalf, but rather, believed Legion was acting as an agent on behalf of Defendant. *Id.* ¶ 49. Plaintiffs state that they discovered Defendant's alleged status as an undisclosed principal to the Legion Policies during discovery in the Coverage Action. *Id.* ¶ 50. Plaintiffs claim that: (1) Legion acted as a fronting company and had ceded 100% of the risk under the Legion Policies to Defendant; (2) Defendant had exercised direct oversight over the Third Party Administrators; and (3) Defendant had approval authority over the settlement of claims under the Legion Policies. *Id.* ¶ 51. Finally, Plaintiffs assert that Defendant's "failure to fulfill their obligations as an undisclosed principal to the Legion Policies has directly caused, and continues to cause, [Plaintiffs] to suffer damages." *Id.* ¶ 52.

Count II of Plaintiffs' Complaint asserts a claim for tortious interference against Defendant. *See id.* ¶¶ 53–59. Plaintiffs allege that there was a contractual relationship between Legion, as an insurer, and Plaintiffs, as policyholders, which was embodied in the Legion Policies. *Id.* ¶ 54–55. According to Plaintiffs, Defendant were aware of the Legion Policies and the contractual relationship between Legion and Plaintiffs, and through the direction of their agents, including the Third Party Administrators and legal counsel retained by the Third Party Administrators on be-

half of Legion, Defendant induced Legion to breach the Legion Policies. *Id.* ¶¶ 56–57. Plaintiffs claim that this alleged interference with the Legion Policies and the contractual relationship between Legion and Plaintiffs was neither justified nor privileged, and as a result, Plaintiffs suffered damages and will continue to suffer damages. *Id.* ¶ 58–59.

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On such a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Milburn,* 734 F.2d at 765. The Court must, "[a]t this stage of the litigation, ... accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### B. Analysis

In the instant motion to dismiss SCOR Re argues that: (1) Plaintiffs, as policyholders, have no legal or other interest in the contract of reinsurance between Legion and SCOR Re ("Reinsurance Agreement"); (2) Plaintiffs' claim based upon "undisclosed principal" liability is procedurally barred because Plaintiffs made a binding election to sue Legion instead of SCOR Re in the Coverage Action, and because Legion is an indispensable party to this action; and (3) Plaintiffs' claim of tortious interference fails to state a claim upon which relief can be granted, as the claim is barred by the economic loss doctrine and because SCOR Re's actions were privileged under Florida law. *See* Defendant's Mot. to Dismiss.

### 1. The Reinsurance Agreement

SCOR Re asserts that Florida law makes clear that, "absent a specific provision in the reinsurance contract, a reinsurer has no liability to a policyholder." *See id.* at 3. Because the Reinsurance Agreement between Legion and SCOR Re is devoid of any such provision, SCOR Re argues that Plaintiffs' Complaint against SCOR Re cannot stand. *Id.* Further, SCOR Re claims that "Florida law provides that in the event of insolvency by the insurer, all reinsurance proceeds are payable to the insurer or its liquidator, absent a provision in the reinsurance contract specifically naming the policyholder as an incidental beneficiary." *Id.* SCOR Re contends that not only does the Reinsurance Agreement lack a provision naming Plaintiffs as incidental beneficiaries, it specifically provides that, in the event of Legion's insolvency, all reinsurance proceeds are payable to Legion, its receiver, liquidator, conservator or statutory successor. *Id.*

SCOR Re has attached to its motion to dismiss three exhibits comprising the Reinsurance Agreement. *See id.* at 2, Exs. A–C. While conceding that these documents were not attached to the Complaint, SCOR Re seeks to attach these documents to the motion to dismiss "because they are central to the issues in this action at the heart of the complaint." *Id.* at 2–3. However, as noted *supra,* consideration of matters beyond the complaint is improper in the context of a motion to dismiss. More importantly, Plaintiffs Complaint seeks recovery for SCOR Re's alleged breach of the Legion Policies, not the Reinsurance Agreement. Alternatively, Plaintiffs are seeking recovery for SCOR Re's alleged tortious interference with the Legion Policies.

As Plaintiffs are not seeking recovery under the Reinsurance Agreement, Defendant's arguments regarding a reinsurers liability to a policyholder, whether correct as a matter of law or not, are misplaced. Accordingly, this Court will not dismiss the Complaint on this basis.

### 2. Undisclosed Principal Liability

SCOR Re argues that Plaintiffs' Count I, for "undisclosed principal" liability, is procedurally barred under Florida law because Plaintiffs made a binding election when it sued Legion in the Coverage Action. *See id.* at 10–13. Plaintiffs' Response asserts that under the "undisclosed principal" doctrine, a plaintiff may elect to hold either the agent or the undisclosed principal liable. *See* Plaintiffs' Resp. at 5. Both parties cite to *Hohauser v. Schor,* 101 So.2d 169 (Fla.App.1958), to support their opposing positions on this issue.

#### a. Does the Coverage Action Constitute a Binding Election?

In *Hohauser,* the issue presented was "whether a plaintiff, who brings an action against *both* an agent and his undisclosed principal, must elect which party he chooses to hold liable prior to submitting the cause to the jury when the issue of agency relationship is before the court." 101 So.2d at 169 (emphasis added). In this case, unlike in *Hohauser,* Plaintiffs first brought an action, the Coverage Action, against Legion, the alleged agent. After the Coverage Action was stayed and administratively closed due to Legion's rehabilitation, Plaintiffs brought the instant action against the alleged undisclosed principal, SCOR Re.

*Hohauser*'s discussion of liability in agency cases is applicable to this Court's analysis of the motion to dismiss. In Florida, "when an agent deals with a second party for a principal who is not disclosed the second party may hold liable *either* the agent or the principal." *Id.* at 169–70 (citing *Collins v. Aetna Ins. Co.,* 103 Fla. 848, 138 So. 369, 370 (1931))(emphasis added). Plaintiffs are "put to an election to hold either the agent or the principal, for the liability is an alternative liability, rather than a joint liability or a joint and severable liability." *Id.* at 170. Further, "though the plaintiff may elect to hold either one of two persons liable on the contract, either the agent or his undisclosed principal, he cannot make two contracts out of the one contract by seeking to hold each of those two persons liable severally as an independent obligor. Nor can he hold them both liable as joint obligors on one contract." *Id.*

The *Hohauser* court held that "it becomes the duty of the [plaintiff], after disclosure of the agency and the identity of the principal, to elect which of the two he will look to carry out the agreement of the agent." *Id.* (citation omitted). Moreover, "[w]hen there is an issue as to the exis-

tence of the agency, both the agent and the alleged principal may be properly joined in the action for the purpose of determining their relationship and liability." *Id.* at 171 (citing *Klinger v. Modesto Fruit Co.,* 107 Cal.App. 97, 290 P. 127, 128 (1930)). Although recognizing that after the discovery of the undisclosed principal an election must be made, the court in *Hohauser* held that "when the issue of the agency relationship should be submitted to the jury for determination, then the plaintiff should be required to elect *after* verdict against which defendant he wishes to take judgment." *Id.* at 171 (citations omitted) (emphasis in original).

■ The instant case is distinguishable from *Hohauser* because Plaintiffs have not sued the agent, Legion, and the alleged undisclosed principal, SCOR Re, in the same action. Plaintiffs have sought relief against Legion and SCOR Re in two separate actions. However, notwithstanding the separate actions, Defendant has not presented any case law to support its contention that the Coverage Action constituted a binding election. While the holding in *Hohauser* prohibits the Plaintiffs from recovering against both Legion and SCOR Re, SCOR Re is not discharged from liability on a contract between Legion and Plaintiffs by the fact that Plaintiffs looked to Legion for payment or performance. *See Tower Cranes of Am. v. Public Serv. Co. of N.H.,* 702 F.Supp. 371, 374 (D.N.H.1988)(citing Restatement (Second) of Agency § 209 (1958)). To the contrary, the "commencement and prosecution of a suit against the agent short of final judgment does not constitute an election." *Id.* at 375 (citations omitted). Therefore, the fact that Plaintiffs first sued Legion does not constitute an election of remedies. *See id.*

### b. Is Legion An Indispensable Party?

Defendant argues that pursuant to Federal Rule of Civil Procedure 19(a), Legion is a necessary party. Rule 19(a) provides, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

■ According to SCOR Re, complete relief cannot be afforded to it because Legion's participation is necessary for a jury to resolve the factual issues of whether Legion disclosed that SCOR Re was its reinsurer, and whether Legion acted as SCOR Re's agent with respect to the Legion Policies. *See* Defendant's Mot. to Dismiss at 13. This argument is misplaced; Legion's participation as a party is not necessary for these factual issues to be resolved. SCOR Re may obtain this information through deposition or document discovery, or by trial testimony.

Under Rule 19(a)(1), complete relief can be granted in this action with the present parties. SCOR Re argues that "this is a case where the jury will have to assign liability to one of two defendants and, more importantly, evaluate the conduct of

Legion to determine whether the Legion Policies were breached." *Id.* at 14. But because this suit is only against SCOR Re, the jury will only have to decide whether SCOR Re is an undisclosed principal, and if so, whether it breached the Legion Policies. The jury will not have the opportunity to assign liability to Legion.

Moreover, given that Florida law holds that liability between an agent and an undisclosed principal is alternative, *see Hohauser*, 101 So.2d at 170, even with Legion's absence, a judgment against SCOR Re can completely satisfy the relief sought by Plaintiffs. Should Plaintiffs succeed in this action, they will be precluded from seeking a later recovery against Legion, either in the Coverage Action or in the rehabilitation before the Commonwealth of Pennsylvania. Further, under Rule 19(a)(2), the disposition of the action in Legion's absence will not impair or impede Legion's interests. Finally, SCOR Re will not be subject to double, multiple, or otherwise inconsistent obligations, because as stated above, if Plaintiffs should recover in this action they will be precluded from later seeking a recovery against Legion.

■ Although this Court has determined that Legion is not a necessary party, assuming *arguendo* that Legion is necessary, this Court would not exercise its discretion under Rule 19(b) to dismiss this action. Although Legion cannot be joined, the balance of factors identified in Rule 19(b) does not weigh in favor of dismissal. Under Rule 19(b), the factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be less-

ened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

First, because Plaintiffs may seek recovery from either Legion or SCOR Re, this action is not in any way prejudicial against SCOR Re. Second, as discussed above, any judgment rendered in Legion's absence will be adequate. Third, while Plaintiffs did bring an action against Legion, and may be seeking recovery through the rehabilitation, it is not clear that Plaintiffs would have an adequate remedy if this action is dismissed for nonjoinder. Plaintiffs' action against Legion was stayed and administratively closed over two years ago, so it is unlikely that Plaintiffs will be able to recover against Legion in the Coverage Action. Also, there is no evidence in the record to suggest that Plaintiffs will recover in Legion's rehabilitation proceeding. This Court finds that the balance of factors identified in the Rule 19(b) does not weigh in favor of dismissal. Therefore, SCOR Re has not met its burden of showing that Legion is a necessary and indispensable party.

### 3. Tortious Interference With Legion Policies

As an alternative to their claim of breach of contract, Plaintiffs allege that SCOR Re induced Legion to breach the Legion Policies. *See* Compl. ¶¶ 53–59. SCOR Re argues that Plaintiffs claim of tortious interference fails, as a matter of law, because it is barred by Florida's economic loss doctrine, and because interference claims are not permitted against parties who are themselves participants in the business relationship that is the subject of the alleged interference. *See* Defendant's Mot. to Dismiss at 16–20.

### a. Is Plaintiffs' Claim Barred by the Economic Loss Doctrine?

██ In *Moransais v. Heathman*, the Florida Supreme Court held that "[t]he economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract." 744 So.2d 973, 981 (Fla.1999). If a claim for tortious interference simply restates a claim for breach of contract, the tortious interference claim is barred under Florida's economic loss rule. *See Eclipse Medical, Inc. v. Am. Hydro–Surgical Instruments, Inc.,* 262 F.Supp.2d 1334, 1354 (S.D.Fla.1999). In *Eclipse,* the court decided that because the damages claimed by the plaintiffs based on tortious interference were identical to those claimed under the breach of contract theory, and that the facts necessary to prove tortious interference were identical to those needed to prove any breach of contract, the tortious inference claim was barred by the economic loss rule. *See id.*

██ Here, Plaintiffs' tortious interference claim is distinct and separate from their breach of contract claim. The breach of contract claim is attempting to obtain damages for SCOR Re's own breach, as an undisclosed principal, of the Legion Policies. In their alternative tortious interference claim, Plaintiffs are attempting to obtain damages for SCOR Re's interference with Legion's contractual obligations to Plaintiffs. If, for example, the jury determined that SCOR Re was not an undisclosed principal to the Legion Policies, it would preclude a finding that SCOR Re breached the contract. Howev-er, because Plaintiffs' two counts are in the alternative, the jury could subsequently determine that SCOR Re knew of, and intentionally and unjustifiably interfered with the contractual relationship between Plaintiffs and Legion, resulting in damage to Plaintiffs as a result of Legion's breach of that relationship.. Therefore, because the factual allegations and damages sought under these claims are not the same, Plaintiffs' tortious interference claims are not barred by the economic loss rule.

### b. Were SCOR Re's Actions Privileged Under Florida Law?

██ SCOR Re argues that Plaintiffs' tortious interference claim fails because SCOR Re's alleged interference was justified and privileged. SCOR Re asserts that privilege exists because it was acting to safeguard its own financial interests. *See* Defendant's Mot. to Dismiss at 19. While SCOR Re may assert privilege as an affirmative defense, it has the burden of avoiding liability by showing that its conduct was privileged or justified. *See Monco Enters., Inc. v. Ziebart Corp.,* 673 So.2d 491, 492 (Fla.Dist.Ct.1996). The question of whether certain conduct is privileged, however, is a factual question to be determined by a jury. It is not appropriate for the Court to make this factual determination.

### CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant SCOR's Motion to Dismiss (DE # 11) is DENIED.