MAXCY MANUFACTURING COMPANY *vs.* HATTIE BURNHAM.

Kennebec.    Opinion February 8, 1897.

*Husband and Wife.    Agency.    Issues of Fact.*

An unknown principal may be held upon discovery for the acts of an agent.

A wife may be held liable to parties furnishing materials for the finishing and repairing of her dwelling-house, sold and delivered upon the husband's credit under the belief that he was the owner, when it appears that he acted as her agent.

When a wife allows her husband to exercise general authority in the management and control of her property and the purchase of lumber for the repairs on her house, she cannot repudiate a particular act performed for her benefit, within the scope of such authority, simply because, in that instance, the conduct of her agent was not in harmony with her private opinion or wishes,— her repudiation not having been made known to the plaintiff.

An objection, that the wife is not liable for a portion of the material thus furnished because it did not go into the house but had been sold to third parties by the husband, *held not tenable;* as it appeared that the credits given the husband in the account were properly appropriated to the payment of such material.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit on account annexed to recover the price of certain lumber and materials alleged to have been sold and delivered to defendant through her husband.

The case was tried to a jury in the Superior Court, for Kennebec County, who returned a verdict for the plaintiff.

The defendant took exception to the following portion of the presiding justice's charge to the jury :—

Now, principally, the point here is whether there was an undisclosed principal who was in fact responsible for the goods, and that is the issue. If you shall find, under the evidence in this case, that Mr. Burnham was acting as the agent of his wife in the building, improvement or repairing of her house, living at the time with her in the house, she having knowledge of the repairs or improvements which were going on, she would be responsible for debts contracted by him in pursuance of such building, improvements or repairs ;—and this notwithstanding she might have objected to him, to certain improvements, if her objections or protests were not with the knowledge of the plaintiffs.

*G. W. Heselton,* for plaintiff.

*E. O. & F. E. Beane,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. The plaintiff corporation obtained a verdict against the defendant for the price of certain lumber alleged to have been furnished upon the order of her husband and used in finishing and repairing the dwelling-house owned by her and occupied by her and her husband, and the defendant brings the case to this court on exceptions and motion for a new trial.

It satisfactorily appears from the evidence that all of the lumber

and materials comprised in the account annexed to the writ, with the exception of a portion of the flooring described in the first item, were used, with the knowledge of the defendant for the improvement of her property; but it is contended in her behalf that she was not the contracting party and had no responsibility for the payment of the debt.

Neither the plaintiff corporation, nor any of its servants had any knowledge at the time of the delivery of the lumber, nor for several years thereafter, that the defendant had title to the house in which it was to be used. The items were all charged to the defendant's husband, and were undoubtedly sold on his credit upon the assumption that he was the owner of the estate. But, it is confidently urged in behalf of the plaintiff that the evidence was ample to warrant the jury in finding that the defendant's husband, in making the purchase of this lumber was authorized to act and did act as the agent of his wife, and although this fact was not disclosed by him at the time, the plaintiff on discovering the agency, could rightfully proceed as it did, directly against the defendant as principal.

In her direct examination the defendant stated, it is true, that she never authorized or directed her husband to "purchase any of the goods charged in this bill;" that on one occasion he wanted to get some material to lay the floors and she told him they owed enough, she would "put no more money into it; she didn't wish to run in debt any more." But on cross-examination she testified inter alia, as follows: "I bought the land on which the house sits. The house is in my name. . . . We live together there on the premises and have since the house was built. My husband had the entire management of getting the lumber to build the house and the materials that were put into the house; he superintended the construction of the house. . . . I never forbid him from getting lumber to put into the house. . . . He generally got what he wanted and put into the house; he consulted me about some things. Some things that he got we talked over and some we did not."

It also appears in evidence that, some three years prior to the transaction in question, another bill of lumber was purchased of the

plaintiff by the defendant's husband, paid for by him, and used in the construction of the same dwelling-house.    The defendant admitted that she never gave notice to the plaintiff, or any one else, not to sell her husband lumber to go into the house.

What facts shall be deemed sufficient evidence of a husband's agency under such circumstances is a question that has frequently been considered by this court.    In *Verrill* v. *Parker*, 65 Maine, 578, it is tersely stated by the court that the wife was liable "because the labor was done upon her property and for her benefit and expended before her eyes."    In the recent case of *Roberts* v. *Hartford*, 86 Maine, 460, the general principle is clearly stated as follows:    "When a husband has the general management of his wife's property and with her knowledge orders lumber which is used in the erection or repair of buildings upon her land, a jury will be justified in finding that the husband acted as her agent." And in conclusion it is further said : "On the whole, it is the opinion of the court that it is best in all such cases to leave the question of agency to the jury ; that in most cases, they will be likely to decide truthfully as well as equitably."

In the case before us the question of agency was fairly submitted to the jury under instructions which were in substantial accordance with the principle laid down in the cases cited.

The counsel for the defendant, however, specially complains of the instruction that the defendant might be liable notwithstanding the objections she may have made to her husband respecting certain improvements, provided her objections were not made known to the plaintiff.    But if the defendant had allowed her husband to exercise general authority in the management and control of her property and the purchase of lumber for the erection of the house, it is an elementary principle of agency that she could not repudiate a particular act performed for her benefit within the scope of that authority, simply because, in that instance, the conduct of her agent was not in harmony with her private opinion or wishes.    Third parties dealing bona fide with one who has been accredited to them as an agent are not affected by the revocation

of his agency, unless notified of such revocation. Wharton's Agency, § III, and cases cited.

Again, there was testimony tending strongly to show that a large part of the flooring, charged in the first item of the account, was never used in the defendant's house, but was sold by the husband to another party; and the defendant insists that in no event could the jury have been authorized to find the defendant liable for the part thus sold.

But it was in evidence, and not controverted, that the items of credit came from the separate property of the defendant's husband; and as these items would be legally appropriated to extinguish the earliest items on the debit side of the account, the disposition of the lumber obtained under the first item became immaterial.

The evidence was sufficient to authorize the verdict, and there seems to be no valid reason for disturbing it. .

*Motion and exceptions overruled.*