E. O. PAINTER FERTILIZER COMPANY, A FLORIDA CORPORATION, *Plaintiff in Error,* v. CHARLES A. DUPONT, *Defendant in Error.*

> In an action for goods sold by an agent for an undisclosed principal where the only plea is never indebted, a judgment for the defendant will be set aside where his defense construed most liberally was merely a partial offset upon a claim due him from the agent and an estoppel against the principal gainsaying this offset.

This case was decided by Division A.

Writ of Error to the Circuit Court for St. Johns County.

The facts in the case are stated in the opinion of the court.

*N. P. Bryan* and *Geo. P. Fowler,* for plaintiff in error.

*A. H. Mickler,* for defendant in error.

COCKRELL, J.—In an action for fertilizers sold and delivered upon the issue raised by the plea of never in-

debted there was judgment for the defendant. The receipt and value of the fertilizers is admitted, the defense being that the purchase was made from the Hastings Supply Company and not from the plaintiff.

A statement of the salient facts of the case, from the view point of the jury's verdict, is necessary to the proper application of the law.

The copartnership, known as the Hastings Supply Company, of which one S. C. Middleton was managing partner, was the agent at Hastings, Florida, of the Painter Company, with authority to solicit orders for fertilizers, the actual sales to be made by the principal; the Hastings Supply Company also doing a general mercantile business. Dupont who had been a partner in the Supply Company, and had sold out his interest upon credit, needed a hundred tons of fertilizer for his potato farm, and also desired to close up the outstanding balance due between himself and Middleton. Following negotiations between the two, DuPont agreed to purchase from Middleton or the Hastings Supply Company the needed fertilizer, the agreed price being slightly more than offered elsewhere. He knew that the Hastings Supply Company were not manufacturers of fertilizers and possibly that they did not have on hand the amount and kind desired. When asked if he knew they were agents for some fertilizer house, answered, "he supposed so, he knew they were not manufacturers." He also testified they were amply able to pay for the fertilizer desired. The fertilizers were ordered of the plaintiff by the Supply Company, and as shown by plaintiff's books of original entry were both charged and shipped to the Supply Company, it being noted on the books that these shipments were for Mr. Dupont. Dupont's agent, who was also the brother of the manager of the Supply Company, actually unloaded the fertilizer from the cars upon

arrival at Hastings, but who, if any one, receipted for them to the railroad company is not shown. The balance due Dupont for his former interest in the Supply Company was the occasion of much dispute, and it is made manifest that in spite of the connection by marriage existing between Dupont and Middleton, their feelings toward each other was hostile; the utmost amount of balance due as claimed by Dupont did not equal by several hundred dollars the purchase price of the fertilizers.

There was voluminous testimony as to the exact balance claimed to be due upon the dissolution of the former co-partnership which must evidently have been received upon the theory of some right to set off this amount as against the plaintiff's demand, but the pleadings raised no such issue and we are not now concerned with the nice questions presented in the adjudged cases cited to us as to what circumstances authorize a defendant to set off as against the principal a debt due from an agent. The sole question is whether the Painter Company had a right of action against Dupont. The right of the Supply Company to accept payment, in whole or in part, is not raised by the pleadings, and the proof falls short of a payment in full. The case as presented does not call for a decision of the relative duties of a principal and third parties to make known or ascertain the scope of an agent's authority.

We have then to determine whether, upon the evidence, in spite of the finding of the jury and the concurrence therein of the Circuit Court, the relation of principal and agent existed between the Fertilizer and the Supply Company in respect to this transaction. Both Painter and Middleton swear positively to such relationship and Dupont "supposed" the Supply Company were agents for some undisclosed principal. The mere fact of

the charge upon the books and the shipping directions did not necessarily destroy that relationship. Upon a decredere commission the principal might well look to the agent for payment of the goods, but in this case the principal immediately mailed to the purchaser the account, enclosing a blank promissory note for his signature; this not being replied to, other letters were sent Dupont and a personal interview was sought. This explained away the charge upon the books and the shipping directions enabled the seller to know more definitely the receipt and proper delivery of the goods.

No question of estoppel would arise, seeing that the utmost Dupont could claim would be a set-off, not a wiping out of the debt, and the law is well settled that an undisclosed principal may have his action, upon open contract, made by his agent; the purchaser, under certain restrictions being permitted the same defenses he would have had against the agent. 1 Chitty on Contracts (11th ed.) 303; Hunter v. Wilson, Stearly & Co., 21 Fla. 250. The evidence here, irrespective of the pleadings, would not have authorized this verdict as against the agents who have disclaimed being principals in the transaction; and the verdict cannot stand.

The judgment is reversed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.