G. A. COLLINS, *Appellant*, vs. AETNA INSURANCE COMPANY, a Corporation, *Appellees*.

138 So. 369.

Division B.

Opinion filed December 11, 1931.

*Davis & Pepper*, for Appellant;
*Cockrell & Cockrell*, for Appellee.

TERRELL, J.—This appeal is from a final decree dismissing a bill of complaint seeking specific performance of a parole agreement to insure a certain dwelling house, the property of appellant.

It appears that G. A. Collins, the appellant, in April, 1926, owned a house and lot just outside the corporate limits of Perry, Florida, that he approached W. L. Weaver, a resident insurance agent of Perry who represented the appellee, and seven other fire insurance companies for the purposes of insuring said house, that Weaver in company with appellant inspected the house and he (Weaver) offered to insure it for eight hundred dollars. The appellant accepted the offer. Nothing was said about the time the policy was to run or when the risk was to begin, the rate of premium to be paid, or the company in which the risk was to be taken. Weaver did not write the policy, the house was burned about six weeks later, appellee declined to pay for it, so appellant instituted this suit to coerce performance of Weaver's agreement.

The law is well settled that a parole contract to insure may be enforced in law. The fact that such a contract contemplates the issuance of the policy at some definite future date does not militate against it. Such contracts as distinguished from a parole agreement to issue a policy

must not be executory but must take effect in praesenti. Joyce on Insurance, Vol. 1, page 148 et. seq.; May on Insurance (4th Ed.) Sec. 23; Kerr on Insurance page 56; 14 R. C. L. 880. It is also settled that such contracts may be enforced in equity by a suit for specific performance of the agreement to insure but like all other contracts they must possess the legal prerequisites to be valid and enforceable.

In Joyce on Insurance (2nd Ed.) Section 38, it is said that to entitle one to specific performance of a verbal agreement to insure or to issue a policy, he must prove an oral contract possessing all the essentials of a written contract of insurance, that is to say, the subject matter, the risk insured against, the amount of insurance, the rate of premium, the duration of the risk and the identity of the parties. The rule announced in 14 R. C. L. 882 is also apposite. Croft vs. Hanover Fire Ins. Co. 40 W. Va. 508, 21 S. E. Rep. 854, 52 A. S. R. 902; Northwestern Iron Co. vs. Aetna Ins. Co., 23 Wis. 160, 99 Am. Dec. 145 and note.

It is true that the terms of the agreement and the intent of the parties may be determined from their relation to each other, their previous business dealings and the facts and circumstances attending the transaction but such determination must be supported by such facts and circumstances as evidence conclusively a meeting of the minds of the parties as to all the essentials of the agreement. The mere fact of having had previous insurance dealings is not sufficient.

In the case at bar it is shown that appellant had on several occasions taken insurance with Weaver, in some instances for one year and in others for three years, that credit was sometimes extended on the premium for thirty days or more, and that Weaver represented reputable insurance companies, one of which, the appellee, took risks outside the limits of incorporated cities, but it is not shown which of the companies represented by Weaver that the

parties intended the instant policy to be carried by, the date it was to begin, the duration it was to run, or the rate of premium it should bear, nor does the record disclose facts from which these essentials could be inferred. Failure to do this vitiated the parole agreement. New Orleans Insurance Association vs. Boniel, 20 Fla. 815.

As a second ground of liability appellant presses the doctrine of the undisclosed principal, that is to say, that the agent Weaver at the time of the agreement definitely contracted to insure the premises in question, that he was acting for appellee, and that when appellee was discovered it was liable on the contract.

In every case where an agent contracts or deals with a second party for a principal who is not disclosed, the second party may after the discovery of the principal hold liable either the agent or the principal. The fact that the second party did not know of the existence of the principal at the time of the contract and has a right of action against the agent does not reprive him of the right to hold liable the undisclosed principal when his identity is known. E. O. Painter Fertilizer Co. vs. Dupont, 56 Fla. 511, 47 So. 928; Maxcy Mfg. Co. vs. Burnham, 89 Me. 538, 36 Atl. Rep. 1003, 56 Am. St. Rep. 436; Ellis vs. Albany City Fire Ins. Co., 50 N. Y. 402, 10 Am. Rep. 495.

It is a well settled rule that an undisclosed principal is bound by simple executory contracts made by its agent, including the acts of the agent in relation thereto within the scope of his agency, although the contract purports to be the individual contract of the agent and although the second party had refused to enter into contractual relations with the principal. 2 Corpus Juris 840, Section 522.

In all such cases both the agency and the essentials of the contract must be proven as in the case of the parole contract to insure else the facts and circumstances must be such as they may be presumed. In the case at bar the facts are not such as to warrant us in holding that Weaver

852

was acting as the agent of the appellee at the time the transaction forming the basis for this suit took place.

The final decree below is accordingly affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.