## SEGAL v. THREADGILL.

Circuit Court, Dade County, Civil Appeal.

July 13, 1956.

Leonard Rivkind and Alexander S. Gordon, both of Miami Beach, for appellant.

James M. McCaskill, Miami, for appellee.

PAT CANNON, Circuit Judge.

This cause came on to be heard on appeal from a final judgment of the civil court of record. The cause was tried without a jury, the testimony was not reported.

Plaintiff (appellant) sued the defendant (appellee) for brokerage commission. At the conclusion of the trial the judge awarded a verdict for the defendant.

Plaintiff thereafter filed motions for judgment notwithstanding the verdict, in arrest of judgment and for a new trial. The court denied the motions, later entered final judgment for the defendant.

The day after final judgment was entered the court entered an amended order denying the motions and stating the grounds upon

which the final judgment and order denying the motions were based. That order—which embodies the sole question involved on appeal—is quoted below—

"This cause coming on to be heard on plaintiff's motions for a new trial, judgment notwithstanding the verdict and in arrest of judgment, and the court having heard argument of counsel, and having found upon a trial of this cause that the plaintiff proved all elements of count one of the complaint save and except his allegation that the defendant failed to disclose his principal, and the court having found that the defendant, at the time of employment, disclosed to the plaintiff that the defendant was acting in a representative capacity on behalf of 'relatives',

"The court finds as a matter of law that the statement by defendant that he was acting for 'relatives' was a sufficient disclosure of agency so as not to bind the defendant personally for the commission upon refusal of the principals to complete the deal and that it was not necessary as plaintiff contends for the defendant to name his principals or otherwise identify them in order to escape personal liability in the absence of inquiry by the plaintiff.

"The court finds that the plaintiff has failed to prove an intention of the parties to bind the defendant as principal.

"It is ordered that (1) the order denying motions after judgment dated January 26, 1956 is vacated, and (2) the said motions are hereby denied."

It appears from the lower court's order that the sole basis for the verdict and judgment for defendant was the court's finding as a matter of law—"That the statement by defendant that he was acting for 'relatives' was a sufficient disclosure of agency so as not to bind the defendant personally for the commission. . . ." The sole question before this court on appeal is the propriety of that ruling.

It is a well settled principle of the law of agency that in order for an agent to avoid personal liability on contracts entered into on behalf of his principal, the agent must disclose and identify the principal for whom he is acting. The duty is upon the agent to make the disclosure, and no duty is upon a third person to make inquiry as to the identity of the agent's principal.

In 3 C.J.S., page 123, section 216 it is stated—

"If his agency and the identity of his principals are unknown, an agent, to avoid personal liability on a contract to be entered into on behalf of his principal, has the duty to disclose both the fact that he is acting in a representative capacity and the identity of his principal, for the party dealt with is not required to discover or to make inquiries to discover such facts ... Where the other party has actual knowledge of the agency and the identity of the principal, the agent will be relieved from liability, whether he himself makes the disclosure or the other party acquires the knowledge through some other source, but actual knowledge is necessary, and it is not sufficient that the third person has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the identity of the principal . . ."

In 2 Am. Jur., page 316, section 404, it is stated—

"A person acting as agent for another is individually liable if, at the time of making the contract, he fails to disclose his agency, regardless of whether or not he was authorized to execute the contract. This rule applies to a contract made by one known to be acting merely as an agent if the identity of his principal is not disclosed. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. In such case the agent is subject to all the liabilities, express or implied, created by the contract, in the same manner as if he were the principal in interest. If he would avoid personal liability, the duty is on him to disclose his principal, it is not upon the party with whom the agent deals to discover the principal. * * * There is no hardship in the rule of liability against agents who do not disclose their principals, they always have it in their power to relieve themselves from such liability, and when they do not, it must be presumed that they intend to be liable."

From the foregoing authorities it is apparent that the trial court misconceived the law applicable to this cause. Admittedly plaintiff was otherwise entitled to a verdict and judgment, and it is therefore ordered that the judgment of the court below be and it is reversed, with instructions to enter judgment in favor of plaintiff for the amount sued, plus interest and costs.