167 So.2d 34 (1964)
DURBIN PAPER STOCK CO., Inc., Gold Coast Paper Stock Company, Inc., Joseph J. Russo and Victoria Storelli, as Executrix of the Estate of Dominick Storelli, Deceased, Appellants,
v.
WATSON-DAVID INSURANCE COMPANY, Inc., a Florida Corporation, Appellee.
EAGLE STAR INSURANCE CO., American Universal Insurance Co., Buffalo Insurance Co., the Camden Fire Insurance Association, the Manhattan Fire and Marine Insurance Co., Appellants,
v.
DURBIN PAPER STOCK CO., Inc., Appellee.
Nos. 63-746, 63-775 - 63-779.
District Court of Appeal of Florida. Third District.
July 7, 1964.
Rehearing Denied September 21, 1964.
*35 Matthews & Quinton and Jack M. Bernard, Miami, for Durbin Paper Stock Co., Gold Coast Paper Stock Co., Joseph J. Russo and Victoria Storelli.
George J. Baya and Stewart D. Allen, Miami, for Eagle Star Ins. Co., American Universal Ins. Co., Buffalo Ins. Co., Camden Fire Ins. Ass'n, and Manhattan Fire & Marine Ins. Co.
Dean Adams & Fischer and Robert M. Sturrup, Miami, for Watson-David Ins. Co.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
These are consolidated appeals from a final judgment entered by the trial judge pursuant to a directed verdict in favor of the plaintiffs against the defendants-insurance companies and a directed verdict in favor of the defendant-insurance agent.
The plaintiffs were the owners of a certain building and inventory. The defendant-insurance agent was a general lines agent pursuant to § 626.041, Fla. Stat., F.S.A. for the defendant insurance companies. The agent had also had previous dealings with the plaintiffs, and had placed insurance for them in regard to plaintiffs' business activities.
In June, 1959 one of the plaintiffs telephoned the defendant-agent, and advised the agent that the plaintiffs had just purchased the building adjacent to the building which the agent had already insured. At this time, plaintiff-Russo requested the agent to insure this new building for $18,000 and its contents for $7,000. The agent agreed to do this, and made a pencil notation as to the necessary information on a form known as a "combination agency order". The agent advised plaintiffs that the matter would be taken care of by his firm. No insurance polices were issued, and on August 3, 1960 the premises were destroyed by fire.
Thereafter, the agent advised the companies of his binder, and that insofar as he was concerned the policies were effective as of June 19, 1959. The pencilled "combination agency order" had never been typed and forwarded to the companies, and for this reason policies had never been issued. The plaintiffs were never billed for premiums for these policies. The agent did not discover that these policies had not been issued until after the fire when he went to make the plaintiffs' claim for the loss. The companies refused to pay for the loss, and the instant litigation ensued. The plaintiffs sued the defendant-agent for negligence in failing to place the policies, and the insurance companies on the oral contract of insurance which the agent had effectuated.
At the end of all of the testimony, the trial court directed a verdict for the full amount of the policies in plaintiffs' favor against the defendant-companies, thereby making the determination that there was a contract of insurance between the parties. At the same time, the court directed a verdict in favor of the defendant-agent relieving the agent of any liability to the plaintiffs.
The insurance companies, by this appeal, assert error, in that; (1) there should not have been a directed verdict in favor of the agent; (2) there was no contract of insurance between them and the plaintiffs; *36 (3) the plaintiffs were estopped from relying on the oral order of June, 1959 to the agent; (4) the plaintiffs by suing the insurance agent for negligence in failing to obtain insurance, constituted an election of remedies on their part, and they may not thereafter sue the insurance company on the contracts of insurance.
Plaintiffs cross-appeal claiming error on the part of the trial court in directing a verdict in favor of the defendant-agent.
The companies' first contention that it was error to direct a verdict in favor of a co-defendant may not be raised by them. A co-defendant may not complain of a verdict rendered in favor of another co-defendant.[1] The companies' attempt to distinguish the cases cited in support of the previous principle on the ground that these cases involved joint tortfeasors, is without merit. The principle may have been first recognized in regard to such situations, but it is clearly not limited thereto.
At this juncture, let us consider the plaintiffs' contention of error in regard to the directed verdict in favor of the insurance agent. Briefly the plaintiff asserts that the agent acted for the undisclosed principals, the insurance companies. Therefore, based upon the authority of Hohauser v. Schor, Fla.App. 1958, 101 So.2d 169, plaintiff contends that the trial court should have permitted the question of agency to go to the jury and required the plaintiff to make an election after the verdict as to which of the parties, plaintiffs would take judgment against. The trial court, by directing its verdict did not permit this election.
Plaintiff correctly states the holding of this court in the Hohauser case, but that rule of law is inapplicable here. This is not a question of an undisclosed principal. Here the plaintiffs did not know the exact identity of the principal, but they knew that a principal existed, in that they did not intend for the agent to insure their building. They intended for the agent to act as an agent, not a principal, and obtain insurance for them from a third party (the insurance companies). The holding of the Hohauser case is that where both the agent and the undisclosed principal are sued for the same act, that is, in the same capacity, the plaintiff will not be required to make an election until after the verdict. Here the agent and the principal were sued in different capacities and on different theories which were inconsistent. The agent was sued in tort for failing to obtain insurance. The companies were sued in contract on the basis of existing contracts. If the agent had been negligent and failed to obtain insurance for the plaintiff, there could be no contracts of insurance in existence upon which the plaintiff could base an action against the companies. Conversely, if the agent, by his activity, had bound the insurance companies so that the plaintiffs had a contract of insurance upon which to sue, he could not have negligently failed to obtain insurance for the plaintiffs. By their actions, plaintiffs have plead and proved two inconsistent causes of action, either of which is mutually exclusive of the other. Plaintiff will have judgment against one, but not both, and there is no question of election. It is a matter of logic. Here the trial judge correctly found no issue of fact, and directed a verdict to the effect that the agent's activity constituted a binding contract of insurance, and as such plaintiffs were entitled to recover against the insurance companies on this contract. Neither the court nor the jury could find that a contract of insurance existed and at the same time find that the agent had been negligent in failing to obtain insurance. You can not recover from a man for failing to perform an act, and similarly, reap the benefits for the performance of that act.
*37 The trial court correctly directed a verdict in the defendant-agent's favor upon finding the existence of an insurance contract.
We also agree with the trial court's determination that the agent effectively bound the insurance companies, and that a contract of insurance existed between the parties.
The insurance companies urge on appeal that no oral contract of insurance came into existence because they failed to agree upon all of the essential terms of insurance necessary to constitute a valid contract. If the instant transaction were considered in a vacuum, the insurance companies' contention would be correct, but when considered in the light of the surrounding circumstances and the previous dealings of the parties, the court correctly found that the necessary requirements of a contract of insurance had been agreed upon between the parties.[2]
The insurance companies further contend that the plaintiffs are estopped from asserting the existence of the contract of insurance by their failure to pursue the agent in order to assure compliance with their oral instructions to insure the property. They cite, in support of their contention, the Second District case of First National Ins. Agency v. Leesburg Transfer & Stor., Fla.App. 1962, 139 So.2d 476.
The Leesburg case was involved with the ability of the insurance agent to plead as an affirmative defense the estoppel or waiver, by his client, in the client's suit against the agent. The Second District correctly recognized the defense of estoppel or waiver in such a situation.
The present case is distinguishable, in that, it does not deal with the recognition of the defense, but with the court's finding as a matter of law from the undisputed facts that there was no estoppel or waiver in this case.
After careful scrutiny of the record we concur in that finding. From the facts as they developed in this case, it is apparent that the plaintiffs can not be precluded from recovery on that basis.
Finally, the insurance companies claim error on behalf of the trial court in that it failed to require plaintiffs to elect their remedy as to which defendant they would proceed against, the agent in negligence, or the companies on their contract. This contention is without merit.
The Florida Supreme Court recently stated:
"The filing of an action or the filing of a claim together with the procedural steps preliminary to the dismissal as in this case, without any disposition of the issues on the merits, does not in our judgment amount to an election between alternative remedies where they exist." Williams v. Duggan, Fla. 1963, 153 So.2d 726, 727.
The rule as applied to the present situation clearly results in the determination that there could have been no election of remedies until after verdict, and not before.[3] Inasmuch as there was a directed verdict releasing the inconsistent remedy, the necessity for an election after verdict disappears.
We have considered the other assignments of error raised by the parties and deem them to be without merit.
Accordingly the judgments appealed are affirmed in all respects.
Affirmed.
NOTES
[1] Jackson v. Florida Weathermakers, Fla. 1951, 55 So.2d 575; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353; Nutt v. James City, Inc., Fla.App. 1964, 162 So.2d 700.
[2] Collins v. Aetna Ins. Co., 103 Fla. 848, 138 So. 369.
[3] See also, Hohauser v. Schor, supra; 11 Fla.Jur., Election of Remedies, § 13.