## MacLAUGHLIN v. MATHESON, et al.
### No. 2090.
Circuit Court, Dade County, Civil Appeal.
March 24, 1966.

Malspeis & Bellamy, North Miami, for appellants.

Blackwell, Walker & Gray, Miami, for appellee.

JOE EATON, Circuit Judge.

This is an appeal from a judgment entered in the small claims court, Dade County, against Charles Matheson and General Adjustment Bureau, Inc., on September 14th, 1965.

Plaintiff below, appellee here, brought his action upon a pleading couched in the following language —

"The plaintiff is the golf professional at the Miami Shores Country Club. The defendant Charles Matheson

is an insurance adjuster employed by the defendant General Adjustment Bureau, Inc. On or about February 15, 1965, the defendant Matheson, in the course of his duties for General Adjustment Bureau, Inc., advised the plaintiff *he* had to replace golf equipment stolen from an insured, one Mrs. Peggy Carroll, and *he* ordered the purchase of the same from the plaintiff. Pursuant to said order, the plaintiff delivered to Mrs. Peggy Carroll merchandise costing $376.59. Plaintiff has demanded payment of the same from the defendants and they have refused to pay." (Italics added.)

Apparently the plaintiff sued the General Adjustment Bureau on the theory that its agent Charles Matheson contracted on behalf of General Adjustment Bureau with the plaintiff and therefore failed to perform its contract. It further appears that the plaintiff sued Charles Matheson in his individual capacity.

Obviously, an agent cannot be personally liable on a contract entered into on behalf of his principal if there is a recovery against the principal on that same contract. Therefore, the pleading delineated above must have been construed in the court below to be an alternative pleading. It must be so construed if it is to make sense at all as an initial pleading in a judicial action.

Upon such statement of claim —

(1) There is no possible way for a judgment to be validly entered against both of the appellants.

(2) A valid judgment may be entered in the premises as presented in the small claims court against either of the defendants below — but not both.

Although the law is in conflict around this country on the proposition, the weight of authority is that in order for an agent to avoid personal liability on a contract entered into on behalf of his principal he must not only disclose that he is acting in a representative capacity, but must also reveal the name of his principal. The party dealing with him is not required to make inquiry to discover such facts.

There is a dearth of Florida law on that point, but this court, when sitting as an appellate court in 1956, apparently adopted that majority view. (See 10 Fla. Supp. 140, Segal v. Threadgill.) This court now reiterates the adoption of that majority view.

Therefore, if the name of the principal was not disclosed to the plaintiff below *at the time of the entering into of the contract,* the plaintiff may nevertheless sue the later discovered principal and, at the same time, sue the agent in his individual capacity, such disclosure not having been made. *Either* the principal *or* the agent may be liable. (Collins v. Aetna Ins. Co., 138 So. 369).

However, the law is clear that under such circumstances, the plaintiff must make an election in the trial court before judgment may be entered in his favor. A determination of the relationship of the respective parties is necessary before the trial court directs that an election be made. After this determination is made, plaintiff must decide against which defendant he wishes to take judgment. Such liability is not joint and several. Any such liability is alternative liability. (Hohauser v. Schor, 101 So.2d 169; see particularly the lucid quote from the California case cited on page 170).

In order for the small claims court to have entered judgment against the principal, General Adjustment Bureau, the court must necessarily have determined that an agency situation existed. In order for judgment to have been entered against Charles Matheson, the court must necessarily have found that Charles Matheson did not disclose at the time of entering into the contract, the name of General Adjustment Bureau. For the reasons stated above, such findings cannot be reconciled so as to make the judgment good. (The only other reasoning that occurs to this court that could have given rise to the judgment against both persons sued is the fallacious reasoning that both principal and agent may be liable on *the same contract.* The respondeat superior concept does not come into play in these premises.)

The matters discussed here were only briefly raised by appellants — in points I and II of their brief, and possibly in the 5th and 6th assignments of error. Nevertheless, the judgment, being absolutely invalid, should not be allowed to stand. The court has considered appellants' other assignments of error and has found them to be without merit.

Therefore, the judgment entered below is reversed and this cause is remanded to the small claims court, Dade County, in order that the court may require the election referred to herein to be made and for such other proceedings as may be had which are not inconsistent with this opinion.