SPECTOR, Judge.
Appellant seeks reversal of an adverse judgment in its action against the appellee insurer for damages sustained when an automobile on which it held a lien was totally damaged in an accident.
One Hanson Thomas owned an automobile, the sale of which was financed by appellant. On September 20, 1966, Thomas obtained a collision insurance policy through Kramer, Wurn & Gay Insurance Agency in Jacksonville. The policy was issued by Commercial Union Insurance Company and provided coverage from September 20, 1966, to September 20, 1967. When said policy issued, the agency was advised of appellant’s lien on the insured automobile. • Accordingly, said policy contained a loss payable clause in favor of appellant to the extent of its interest as lienholder. On September 19, 1967, the day before the Commercial Union policy was to expire, appellant’s insurance clerk, Mrs. Judy Hall, called the Kramer Agency to ascertain whether the policy was being rewritten for an additional term to insure Thomas as owner of the car and appellant as lien-holder. In conjunction with the making of this inquiry, Mrs. Hall filled out a form customarily used by appellant for such purpose known as a “verbal confirmation insurance coverage form”. A form that Mrs. Hall testified was filled out by her in the regular course of her employment was admitted in evidence. Although she had no independent recollection of the verbal inquiry made by her, she did testify that the things and matters reflected on the face of the form represented the tenor of her conversation with the person she verified with. The form reflects that she spoke with a Mr. Petway, an officer of the Kramer Agency, who advised that a new policy would be issued by American Liberty Insurance Company, appellee herein, of which company the Kramer Agency was an agent, the policy to be effective September 20, 1967, and expiring September 20, 1968. The form also indicated that the new American Liberty policy would carry a $50.00 deductible clause as well as a loss payable clause in favor of appellant as lienholder.
Nothing further was done by appellant subsequent to the verification of the new policy by Mrs. Hall related above until the accident causing the loss on or about February 18, 1968. At that time, appellant made a claim as lienholder for the amount *452 due it by Thomas which was $788.08, less the $50.00 deductible item. Appellee by its agent, the Kramer Insurance Agency, denied coverage, stating that on September 20, 1967, it had only issued a thirty-day binder which lapsed on October 20, 1967, without the issuance of a collision policy.
After all the evidence was in, the trial court sitting without a jury held that “ * * although the plaintiff (appellant) may have been verbally informed that the defendant (appellee) was writing an insurance policy for a period of one year covering the said automobile, that the defendant through its agent mailed to the plaintiff a written binder covering said automobile for a limited period of thirty days only, thereby placing the plaintiff on sufficient notice of the limited coverage in order for them to exercise other available option.”
By the first point raised for reversal, appellant contends that the lower court erred in entering its judgment because there was no dispute in the evidence as to whether appellee’s agent notified appellant that a collision insurance policy was being issued for the one year period naming appellant as lienholder and loss payee. Appellant contends that it relied on the information gained by its agent, Mrs. Hall, as reflected by the verbal confirmation of coverage form referred to above and that therefore appellee was estopped from denying coverage under the theory of estoppel or waiver by reason of the conduct of the appellee insurer’s agent. We agree with this contention that appellee is estopped from denying coverage in view of the appellant’s reliance upon the verbal confirmation of coverage made by Mrs. Hall. Reliance Mutual Life Insurance Company of Illinois v. Booher, 166 So.2d 222 (Fla.App.1964). Although appellee’s agents testified that their files did not reflect their agreement to issue an American Liberty policy affording collision coverage for the one-year period and that neither the insurance agent nor his secretary had any recollection of such an arrangement, it is clear that the only positive and affirmative evidence on this issue was the testimony of appellant’s insurance clerk, Mrs. Hall, coupled with the verbal confirmation of coverage form which she filled out in the normal course of business and which was introduced as an exhibit in evidence. Although we agree with appellant’s contention that appellee is estopped from denying coverage by reason of its agent’s verbal confirmation that a one-yqar policy would issue as reflected by the confirmation form, an examination of the final judgment appealed herein indicates that the court below predicated its judgment on its finding that appellant could not invoke an estoppel because appellee through its agent had mailed to appellant a written binder which on its face provided coverage for only a limited thirty-day period and that the mailing of the binder gave appellant sufficient notice that the coverage afforded was only for thirty days as opposed to a full year.
By its second point on appeal, appellant contends that the evidence adduced at the trial was insufficient to support the court’s finding that appellee mailed the original or a copy of the binder which provided coverage for only thirty days to it. We agree and reverse.
There seems to be no question but that appellee actually issued only a thirty-day binder rather than a full policy affording coverage for an entire year. A copy of the binder was introduced in evidence and from all that appears in the record, only the binder was actually issued. Mr. Petway, an officer of the Kramer Agency which was authorized to issue appellee’s policies and binders, testified that he issued the binder as an authorized agent as evidenced by his signature thereon although he had no independent recollection of having done that. He stated further that the binder form was filled in by typewriter by his secretary and that the original of the binder was mailed to appellant as lienholder. However, he had no independent recollection that this binder was mailed *453 to appellant. Mr. Petway’s secretary also testified that the binder was mailed to appellant, but on cross-examination she admitted that she had no independent recollection of that and said her earlier statement was based on the fact that she always sends the original of a binder to the lien-holder, in this case, appellant. However, no written memoranda was made by appellee’s witnesses as to the mailing, the only evidence being that it was the usual habit or practice to do so. Apparently the trial court relied on the testimony of Mr. Pet-way and his secretary that they always mail the binder to the lienholder as the basis for his finding that it was mailed. Appellant contends that such evidence is insufficient and we agree. Although a minority of jurisdictions seem to consider such evidence sufficient, the majority rule is to the contrary. 29 Am.Jur.2d, Evidence,' Section 303, at page 340, sets out the majority rule as follows:
“ * * * Evidence of the general habits of a person is not admissible for the purpose of showing his conduct upon a specific occasion.”
Appellant’s insurance clerk, Mrs. Hall, testified that when a binder is received by appellant from an insurer which shows on its face an expiration date which differs from the insurance coverage information written in at the top of an account’s payment ledger card, such a binder is transferred to her desk. The ledger card was admitted in evidence and in her writing shows that a new policy issued by American Liberty affording coverage until September 20, 1968, was in force. Therefore, according to her testimony as to appellant’s usual office practice, if a binder had as contended by appellee been mailed to appellant showing only thirty days coverage, such binder would have been brought to her attention. Although no space was provided on the binder form for showing a lienholder’s name when a binder issued, Mr. Petway testified that it was appellee’s practice to type in the lienholder’s name under the “other coverage” blank. On the other hand, his secretary who said she typed all the binders also said that she never typed in the names of the lienholders. The binder in the instant case did not reflect that appellant was the lienholder.
We conclude that the evidence was insufficient to support a finding that the binder was mailed in the case at bar. Accordingly, the judgment appealed is reversed and the case is remanded with directions to enter judgment for appellant in the amount of $788.08 less $50.00 representing the deductible item.
JOHNSON, C. J., and RAWLS, J., concur.