310 So.2d 418 (1975)
Gilbert A. FRANK, Individually and James S. Frank, by and through His Father and Next Friend, Gilbert A. Frank, Appellants,
v.
TRAVELERS INDEMNITY CO. OF HARTFORD, CONNECTICUT, Appellee.
No. 74-578.
District Court of Appeal of Florida, Third District.
April 8, 1975.
*419 Walsh & Dolan and Thomas Gustafson, Ft. Lauderdale, for appellants.
High, Stack, Davis & Lazenby and Michael A. Nuzzo, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The point to be decided is whether there was a genuine issue of material fact as to appellant's allegation that the appellee insurance company owed him coverage at the time of an automobile collision. We hold that there is no genuine issue of material fact, that as a matter of law there was no coverage and that the trial judge was correct in entering a summary judgment for the third party defendant.
The point arose out of a suit in which the appellants Frank were sued by an injured passenger. Frank brought a third party claim against Travelers claiming that Travelers owed him coverage for the accident. Travelers denied coverage and after discovery, the trial judge entered a summary final judgment for Travelers. This appeal followed.
Gilbert Frank wished to procure insurance for his son's car. He contacted a Mr. Biggs who was an employee of the Hunt Insurance Agency. The Hunt Agency was authorized to issue oral binders on behalf of Travelers to applicants for policies of insurance with Travelers. Biggs issued an oral binder of insurance to Frank. Thereafter, Biggs attempted to place the insurance with Travelers and Travelers orally refused. The record leaves no doubt as to the refusal by Travelers, but there is also no doubt that this fact was not made a matter of written record at that time.
Frank inquired of his agent, Biggs, about his insurance and was assured that he was still bound. Soon thereafter, the automobile accident occurred. Upon being informed of the accident, Biggs again assured Frank that he was covered. Thereafter, and without knowledge of the automobile accident, Travelers issued a policy to cover the binder period of sixty days. The policy was sent to the Hunt Agency and the agency paid the premium for the period of the oral binder.
The appellant says that an issue of coverage appears because (1) Biggs had authority to bind Travelers and once bound, Travelers could terminate the insurance only by a direct notification to the insured or, in the alternative, (2) Biggs was an agent of Travelers and, as such, had ostensible authority to issue insurance to Frank and that he did issue such insurance and continually asserted that the insurance was in force.
Each of these legal theories is conclusively refuted by this record. We agree with the trial judge that as a matter of law there was no coverage of Frank by Travelers on the date of the automobile accident. Frank constituted Biggs as his agent to obtain insurance for him. Cf. Peddy v. Pacific Employers Ins. Co., 246 F.2d 306 (5th Cir.1957). A binder is not a policy of insurance. The term "binder" is well-known in the parlance of insurance contracts, and is generally taken to mean a contract either written or oral providing for interim insurance effective at the date of the application and terminating at either the completion or rejection of the principal policy. Hallauer v. Fire Ass'n of Philadelphia, 83 W. Va. 401, 98 S.E. 441 (1919); Colorado Life Co. v. Teague, Tex.Civ.App. *420 1938, 117 S.W.2d 849; 12 Appleman Ins. L. & P. § 7221 et seq. (1943). The facts appear without genuine issue that Travelers rejected the risk. They informed the applicant's agent of their rejection. Thus, the binder contract was terminated as of the date of rejection.
The suggestion that Biggs was the agent of Travelers for issuing policies of insurance is disproved by the denial of Travelers and Biggs and by the failure of Frank to present any fact sufficient to raise an issue. See Burkett v. Panama City Coca-Cola Bottling Company, Fla. 1957, 93 So.2d 580.
We find the following cases relied upon by the appellant inapplicable. In General Motors Acceptance Corporation v. American Liberty Insurance Company, Fla.App. 1970, 238 So.2d 450, the agency involved was the insurance company's agent: "Mr. Petway, an officer of Kramer Agency which was authorized to issue appellee's policies and binders ..." 238 So.2d at 452. In Durbin Paper Stock Co., Inc. v. Watson-David Insurance Co., Inc., Fla. App. 1964, 167 So.2d 34, the court pointed out that the decision rested upon previous dealings of the parties.
"If the instant transaction were considered in a vacuum, the insurance companies' contention would be correct, but when considered in the light of the surrounding circumstances and the previous dealings of the parties, the court correctly found that the necessary requirements of a contract of insurance had been agreed upon between the parties." 167 So.2d 37.
Lastly, the case of Cat 'N Fiddle, Inc. v. Century Insurance Company, Fla. 1968, 213 So.2d 701, was predicated upon an insurance policy which was issued and then cancelled. No insurance policy was cancelled in the instant case. To hold, as appellant urges, that a binder is an insurance policy requiring formal cancellation would be against the applicable law. The requirements for a parol contract to insure have been discussed by the Supreme Court of Florida in Collins v. Aetna Ins. Co., 103 Fla. 848, 138 So. 369 (1931). The facts of the instant case show without genuine issue that there was no contract of insurance between Travelers and Frank in force for the date of the accident. The issuance of a policy for the sixty-day period of the binder had no effect for a date beyond its terms.
Affirmed.