331 So.2d 337 (1976)
SOUTH CAROLINA INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
John Stuart WOLF, d/b/a Stuart Jewelers, Appellee.
No. Y-478.
District Court of Appeal of Florida, First District.
May 12, 1976.
John I. Todd, Jr., Jacksonville, for appellant.
Bruce W. Robinson, of Brannon, Brown, Noris, Vocelle & Haley, Lake City, for appellee.
CREWS, JOHN J., Associate Judge.
This appeal is from a Final Judgment predicated upon a jury verdict in favor of appellee who was plaintiff below.
Appellant's first Assignment of Error is that the COURT ERRED IN FAILING TO DIRECT A VERDICT FOR THE DEFENDANT. Since we agree and reverse, *338 we will not discuss the other assignments.
The complaint was framed in two counts. Count I was grounded on a written policy of insurance covering loss resulting from robbery inside the premises. Count II was predicated upon an oral contract allegedly entered into between appellee and one Robert T. Crocker, appellant's special agent.
Appellee owned and operated Stuart Jewelers in Lake City, Florida since 1956. Prior to 1969 he carried "jeweler's block insurance" with another company which protected him from safe burglary, robbery inside and away from the premises.
Prior to 1969 appellee acquired an adjacent building which contained a walk-in type bank vault which he considered relatively safe and strong. Since he put his "precious things" in the vault each night upon closing, he contacted his insurance agent seeking to reduce the limits of his policy which would result in a lower premium.
Subsequently, at the request of the local agent, appellant's special agent, hereinabove identified, met with appellee in 1969 after which the written policy was issued through appellee's agent reducing the coverage that was formerly carried with the other company from $40,000 to $10,000, with an annual premium of $148.00 instead of $1,169 paid the earlier carrier.
The policy was effective for three years commencing February 21, 1969. Thereupon, it was renewed for three years and was in effect when the burglary of the vault or safe occurred on September 18, 1973. This policy did not provide "jeweler's block" coverage, but specifically delineated that it only insured for loss sustained from "robbery inside the premises."
The experienced and learned trial judge finding that there wasn't any coverage for safe burglary under the written contract, directed a verdict in favor of the appellant, but submitted the issue of an oral contract of insurance to the jury.
Appellee contends that the question to be decided is one of fact not law, and the trier of fact could find from the evidence that the necessary requirements of an oral contract of insurance had been met. In support of his position he relies upon the following cases: Durbin Paper Stock Company v. Watson-David Insurance Company, 167 So.2d 34, (3rd D.C.A., 1964); Liberty Mutual Fire Insurance Company v. Sanderman, 286 So.2d 254 (3rd D.C.A., 1973); Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla. 1973); and Joseph Uram Jewelers, Inc. v. Liberty Mutual Insurance Company, 273 So.2d 111, (3rd D.C.A., 1972).
Durbin is inapplicable for, as was pointed out in Frank, et al. v. Travelers Indemnity Company of Hartford, Connecticut, Fla.App., 310 So.2d 418 (3rd D.C.A., 1975) that decision rested upon previous dealings of the parties.
In the case sub-judice, the record does not reveal an oral binder for coverage for loss sustained from "safe burglary." or that such coverage was requested either of the local or special agent Crocker. Considered in the light most favorable to appellee, it can only be said that he had an uncommunicated desire to have safe burglary coverage as he had with his prior carrier.
This is further manifested when appellee testified at trial that he did not discuss with Mr. Crocker terms, conditions, premiums, and that they did not "go into detail." He did not know whom the special agent represented, and the record is void of any prior transaction with appellant.
We have carefully examined the other cases cited by appellee and to avoid prolixity simply find that they are not applicable to the case at bar as either the issue decided *339 was different, or the factual situation so dissimilar as to be without benefit.
We come now to the real point to be decided. What are the essentials necessary to establish an oral contract of insurance in Florida, and was there competent substantial evidence before the jury for it to render a verdict for appellee? In State Farm Fire and Casualty Company v. Lloyd Warren Hicks and Mabel Naomi Hicks his wife, Fla.App., 184 So.2d 685 (1966) the Court said quoting the Supreme Court of Florida in Collins v. Aetna Insurance Company, 103 Fla. 848, 138 So. 369 (1931), the essentials are:
"... the subject-matter, the risk insured against, the amount of insurance, the rate of premium, the duration of the risk, and the identity of the parties."
We recognize the very familiar rule that an appellate court should not "substitute its judgment for that of a jury when the jury has resolved the conflicts in the evidence and has determined the issues of fact." We also are cognizable that the only exception to this rule is "wherein there is no competent substantial evidence which sustains the jury's verdict or, stated in another form, when the verdict is against the manifest weight of the evidence." Glass, et al. v. Parrish, Fla., 51 So.2d 717.
For the reasons stated and the law cited we conclude that the appellee-plaintiff did not establish by competent substantial evidence the existence of an oral contract of insurance. Accordingly, the trial court should have granted defendant-appellant's motion for a directed verdict at the close of all the evidence.
The final judgment should be and is hereby reversed.
RAWLS, Acting C.J., and McCORD, J., concur.