LETTS, Chief Judge.
This is a suit about a real estate commission. The jury awarded the broker a $32,- *917 000 commission against two defendant corporations, which verdict is not in issue before us, but the trial judge granted a directed verdict in favor of two other individual defendants which we believe was in error and which we now reverse.
There is competent substantial evidence in the record, although contested, that at least one of the two individual defendants promised to pay the broker a commission without disclosing that he, or they, were agents and not the principal. There is also a written contract, albeit never signed by them, that she was to receive a commission because of her efforts on behalf of these two individual defendants.
There is no way this was not a jury question. This cause is reversed and remanded for a new trial on the question of whether one or both of these individual-defendants obligated themselves to pay the broker and on the question of whether in dealing with the broker they failed to disclose their principal and thus became personally liable. Collins v. Aetna Ins. Co., 103 Fla. 848, 138 So. 369 (Fla.1931).[1] We specifically do not disturb the jury verdict rendered against the corporate defendants and seek only a determination of whether the two individual defendants are also liable under that same verdict.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., con-ir-

. At oral argument the agents argued that any nondisclosure would have to continue up until the actual signing of a contract, but the Aetna decision seems to hold that an agent who merely “deals” with a second party may be liable after discovery of the principal.